THE STATE *ex rel.* FORD V. TRIGG.

**Elections**: COUNTY CLERK'S DUTY IN CERTIFYING RETURNS. The clerk of the county court must certify to the Secretary of State, the vote in the several precincts, as it is certified to him by the judges and clerks of election. He has no right to refer to the poll books and tally sheets sent in by them, for the purpose of verifying or correcting their certificates. If they have made a mistake in casting up the votes, the error can only be corrected by the tribunal authorized to determine contested elections. *Mayo v. Freeland*, 10 Mo. 629.

*Mandamus*

PEREMPTORY WRIT AWARDED.

*R. S. Musser* and *L. H. Waters* for relator.

HOUGH, J.—This is an application, at the relation of Nicholas Ford, for a mandamus to compel the clerk of the county court of Ray county to certify to the Secretary of State the vote cast for representative in Congress in Russellville precinct and in Hardin precinct, in said county, on the 2nd day of November, 1880, as the same was certified to him by the judges and clerks of the election at said precincts. The respondent, in his return to the alternative writ, states in substance, that the judges and clerks of election of Russellville precinct certified on the poll-books which were transmitted to him, that James Craig received one hundred and fifty-nine votes, and the relator, Nicholas Ford, received thirty-five votes for representative in Congress, but that the tally sheets kept at said precinct, transmitted with said poll-books and filed therewith, showed that said Craig received one hundred and sixty votes, and

the said Ford received thirty-five votes, and that by a comparison of the poll-books with the tally sheets so filed, it was patent that a mistake had been made in adding the votes cast at said precinct, and it was apparent that said Craig had received one hundred and sixty votes, and said Ford thirty-five votes, and that respondent certified the actual vote which it appeared each had received at said precinct. The respondent further states that from the certificate of the judges and clerks of election at Hardin precinct, it appeared that James Craig received one hundred and seventy-seven votes, and said Ford eighty-one votes, but that the tally sheets accompanying the poll-books transmitted to him and filed herewith, showed that said Craig received one hundred and seventy-eight votes, and that said Ford received eighty votes, and that it was apparent from a comparison of said poll-books with the tally sheets so filed, that there was an error in the addition of the votes cast at said election precinct, and that said Craig had received one hundred and seventy-eight votes, and said Ford eighty votes, and that he accordingly certified the vote which it appeared each had actually received at said precinct.

From the foregoing facts stated by the respondent, it is manifest that he has mistaken his duty and exceeded his authority. That he acted in good faith, we have no question. It was simply his duty, however, under the law, to certify to the Secretary of State the vote as it was certified to him by the judges and clerks of election. This has been the uniform rule in this State since the decision of this court in *Mayo v. Freeland*, 10 Mo. 629. If the judges and clerks have made mistakes in casting up the votes, the error can only be corrected by the tribunal authorized to determine contested elections. *Mayo v. Freeland, Supra*. Tally sheets are unknown to the law. They are convenient, perhaps necessary for the judges and clerks of election, in casting up the votes polled for the several candidates, but they are not required to be made, preserved or filed,

and if they were, the respondent would have had no right, as the law now stands, to refer to them for the purpose of verifying or correcting the certificates of the judges and clerks. Peremptory writ awarded. All the judges concur.