THE STATE *ex rel.* THE ATTORNEY GENERAL v. MASON.

**Election**: QUO WARRANTO. In a *quo warranto* proceeding this court will not enter into an inquiry as to the legality of votes or the qualifications of voters. The statute provides another tribunal and a different mode of determining these matters, and this provision is exclusive.

*Quo Warranto.*

WRIT DENIED.

*D. H. McIntyre*, Attorney General, *A. R. Taylor* and *E. T. Farish* for relator.

*John M. Krum, Chester H. Krum* and *Smith & Krauthoff* for respondent.

HENRY, J.—This is a proceeding in the nature of a *quo warranto*, the object of which is to oust respondent from the office of sheriff of the city of St. Louis, which, it is alleged, he has usurped.

In his answer to the writ, the respondent alleges that, on the 7th day of November, 1880, at a regular election held in that city, he was duly elected to the office for a term of two years, commissioned and qualified, etc.; that again, at the regular election in 1882 he was elected to the same office, received a certificate of his election from the

register of said city and a commission from the Governor of the State, that he took the oath of office, executed the bond required, and entered upon the discharge of the duties of the office, and has ever since held and now holds said office; that if not elected at the last election, no one else was, and that under the constitution of the State, if he does not hold under the election of 1882, he is rightfully in office under the election of 1880, and entitled to hold the same until some one shall have been duly elected and qualified as his successor.

The replication admits that respondent was duly elected in 1880, as alleged in the answer, but denies that he was elected in 1882. It admits that he received from the register a certificate of his election, that he was commissioned by the Governor, and qualified, etc., but alleges that there were counted 5,000 illegal ballots, as received by him, which deducted from the vote returned for him, left a majority of the legal votes cast in favor of Lawrence Harrigan, who was one of the competitors for the office. A motion was filed by respondent to strike out that portion of the replication relating to illegal ballots, and this presents a question, which, if determined in favor of respondent, is decisive of the case.

In the *State ex rel. Attorney General v. Vail*, 53 Mo. 97, this court, in an opinion delivered by Judge Napton, in which the subject is treated with the ability which distinguished that learned judge, observed : "The next inquiry is the allegation in the return, or answer, that the defendant was duly elected by a majority of the qualified voters. The court might pass over the plea as evasive and equivocal, but conceding it to be an indirect assertion that the defendant was elected by reason of the number of illegal votes cast for his competitor, the question is presented, whether the court will, in this proceeding undertake to examine the truth of this allegation. In our opinion we have no such power." He then proceeds to give satisfactory and conclusive reasons why this court cannot enter

into that investigation, among others, that: " The election law in this State affords ample means of contesting elections on the ground of illegality of votes cast; but a notice is required and specification of the names of all the voters objected to. 1 Wag. Stat., 573, § 54. If it be admitted that this inquiry into the qualification of voters is still open in a proceeding in *quo warranto*, still the court would certainly require what the statute requires in contested elections—a previous notification and a complete list of the voters whose qualifications are meant to be disputed." In further support of his argument we may suggest that the 9th section of article 8 of the present constitution provides that: " The general assembly, by general law, shall designate the court or judge by whom the several classes of election contests shall be tried, and regulate the manner of trial, and all matters incident thereto." Section 5529 of the Revision of 1879, provides that: "In every case of a pending contested election, the person holding the certificate of election may give bond, qualify and take the office at the time specified by law, and exercise the duties thereof until the contest shall be decided."

While section 3, article 6 of the constitution gives to this court " power to issue writs of *habeas corpus, mandamus, quo warranto, certiorari* and other original remedial writs, and to hear and determine the same," in the hearing and determination thereof, the mode of procedure and the principles to obtain, are those of the common law; and in the *State ex rel. v. Vail, supra*, this court came to the conclusion that, at common law, where a mode of contesting an election was provided, the court, in a *quo warranto* proceeding, would not enter into an inquiry as to the legality of votes, or the qualification of voters. Here, under a constitutional provision requiring it, the legislature has provided a mode of contesting this election on those grounds, and a tribunal to hear and determine it, other than this court, and neither the State nor an individual, by a proceeding in *quo warranto*, can have a judgment of ouster

in a case where it becomes necessary to inquire, either into the legality of ballots or the qualification of voters in order to render such a judgment.   In the *State ex rel. v. Townsley,* 56 Mo. 113, the doctrine announced in *State v. Vail, supra,* on this subject was reiterated by this court in an opinion delivered by Judge Napton, and we see no reason for following adjudications to the contrary in other States; but if our own decisions left the matter in doubt, the hindrance to the transaction of the regular business of this court, which would be occasioned by throwing wide open its doors to such controversies, would be a strong argument in favor of the doctrine so clearly announced in the cases above cited.   Every contested election case in the State might be commenced here, and the court would find no time for the transaction of other business.

It was stated in the oral argument of this cause by respondent's counsel, and not denied, that there is now a contest pending between Mason and Harrigan under the election law, in this very case, and if it be true that such a contest is pending, the statute expressly declares that, "the person holding the certificate of election may give bond, qualify and take the office at the time specified by law, and exercise the duties thereof, until the contest shall be decided."   We do not place our judgment, however, on the fact (which is not in this record) that such a contest is pending, but, that resort may be had by Harrigan to that remedy for the trial of his right to the office of sheriff of the city of St. Louis.

The motion to strike out that part of the replication relating to the 5,000 illegal ballots is sustained.   All concur.