The State ex rel. Snyder v. Newman.

---

The State *ex rel.* Snyder, *Relator,* v. Newman *et al.*

1. **Mandamus** : PEREMPTORY WRIT. A peremptory writ of mandamus will not be issued, unless the relator shows a clear right to the remedy which he asks.

2. **Office.** The election of a person to an office, who does not possess the requisite qualifications, gives him no right to hold the office, and a writ of mandamus will not lie to give him a certificate of election therefor.

3. **Mandamus:** WRIT : ADMISSION. A motion for a peremptory writ of mandamus on the return, is in effect a demurrer to the return, and where the latter shows that the relator did not possess the

requisite qualification of inhabitancy, and the writ, after stating relator had been an inhabitant of the city for one year, proceeds to say "and if perchance construed not to have been an inhabitant of the city for one year, yet," etc., such evasive statement must be regarded as an admission by the relator's own pleading that he had not been an inhabitant of the city for the necessary period of time, and the case will not be held open to enable relator to plead to the return.

## *Mandamus.*

PEREMPTORY WRIT DENIED.

*Smith, Silver & Brown* and *Henry Brumback* for relator.

(1) It is settled without controversy, that mere canvassers possess no judicial or discretionary powers, and cannot go behind the returns. *Hudmon v. Slaughter*, 70 Ala. 551; *Clay v. McKenzie*, 7 Bush [Ky.] 523; *Kister v. Cameron*, 39 Ind. 488; *State v. Steers*, 44 Mo. 223; Cooley's Const. Lim. [4 Ed.] 784–5; High on Extra. Rem., secs. 56, 160. (2) The doctrine that canvassing boards and return judges and ministerial officers possess no discretionary or judicial power, is settled in nearly or quite all the states. McCrary on Elections, sec. 84; *Mayo v. Feeland*, 10 Mo. 629; *State v. Harrison*, 38 Mo. 540; *State v. Steers*, 44 Mo. 228. (3) "They, the canvassers, are not at liberty to receive evidence of anything outside of the returns themselves—their duty consists in a simple matter of arithmetic." *Morgan v. Quackenbush*, 22 Barb. 77; McCrary on Elections, sec. 83. Relator's ineligibility could only be established by evidence outside of the election returns, in fact the returns state this was so done, and the board acted outside of its authority. By the city ordinances of 1882, chapter 5, section 3, it is clear that the board of aldermen was simply a board of canvassers. The certificate of election should have been awarded relator, and the title to the office on the question of his eligibility is

a matter to be determined by *quo warranto.* Authorities *supra.* (4) If a board of canvassers assumes to reject returns transmitted to it on other grounds than those appearing on its face, or to declare persons elected who are not shown by the returns to have received the requisite plurality, it is usurping functions and its conduct will be reprehensible if not criminal. Cooley's Const. Lim. [4 Ed.] 784-5. (5) "It is well settled that in a proceeding by mandamus to compel a board of canvassers to perform their official duties, they cannot set up irregularities in the returns or frauds in the conduct of the elections, however gross or monstrous in their character." *Hudmon v. Slaughter,* 70 Ala. 551. (6) The statute requiring the votes to be canvassed within a given number of days after the election is directory, not mandatory. McCrary on Elections, sec. 88. The courts will, by mandamus, compel the performance of a public duty, although the time prescribed by the statute for the performance of the duty has passed. *In re Parish,* 27 L. J. [Q. B.] 434, 436. (7) Until the canvassing board has performed the exact duty imposed upon them by law, they must be considered in default. *Clay v. McKenzie,* 7 Bush [Ky.] 523, 528. (8) Mandamus is the proper remedy to compel a board of canvassers to issue an election certificate. *State ex rel. v. Berg,* 76 Mo. 147 ; and authorities *passim.* In the last case (p. 146) this court, with apparent approval, referred to the case of *Elisha Strong, petitioner,* 20 Pick. 484, where the petitioner was elected a county commissioner, but the board of examiners refused to give him a certificate of his election, and ordered a new election, at which another person was elected. It was held that mandamus would lie to said board to compel it to give the petitioner a certificate, though he might likewise be obliged to resort to a *quo warranto* to remove the incumbent chosen at the second election. But in the case at bar there is no contesting occupant. (9) Although the per-

sons composing the board at the time the proceeding was commenced have gone out of office, the mandamus, when granted, will operate upon such persons as may by law compose the canvassing board at the time. *Clay v. McKenzie*, 70 Ky. [7 Bush] 531 ; High on Extra. Rem., sec. 443. (10) The return concedes that the relator received the highest number of votes at the election on the first Tuesday in April, 1886. This being the case, the relator is clearly entitled, under the authorities cited *supra*, to a peremptory writ, by virtue of said election, directing the city clerk to issue the certificate of election in accordance with the city ordinance, and to suffer relator to enter upon the discharge of the duties of his office, and the motion for the peremptory writ should be sustained as to relator's claim under said first election. (11) As against the respondents, the peremptory writ might well go under the special election held May 25, 1886, although, as a matter of right and law, the claim of relator under the first election is abundantly well-founded.

*D. H. McIntyre* for respondents.

(1) Relator's motion must be regarded as a demurrer to respondents' return, for it is so by its terms. R. S., sec. 3674. The demurrer admits all the facts pleaded in the return. Bliss' Code Plead., sec. 418 ; Stephens' Plead., sec. 143 ; *Evans v. Bank*, 79 Mo. 182, 186. The effect is the same whether it be a demurrer or motion. Ang. & Ames on Corp. [6 Ed.] sec. 729, p. 822. It stands admitted, then, by the pleadings, that the relator was not an inhabitant of the city of Pierce City, one year next preceding the election on April 6, 1886, or at the election of May 25, 1886, or at any time, before or since, for it is not only denied, generally and specifically, that he was such an inhabitant, but it is specifically averred, in the return, that he was, and still is, not such an inhabitant. Neither is it material as to how the fact

was ascertained. It stands as an admitted and unquestioned fact for all purposes in this proceeding, and, on the hearing of this motion, cannot be gainsaid. (2) It then follows that if relator was not an inhabitant of the city for the one year next preceding the election, that hecannot be mayor of the city of Pierce City, and cannot, therefore, demand that which the law does not permit him to hold. Laws, 1881, p. 58. There is only one exception to inhabitancy for one year, and that is in case the city has not been so long organized. That cannot apply in this case, for it is admitted that this city was organized in the year 1877. Hence, there was a failure to elect. *Spear v. Robinson*, 29 Me. 531 ; *State v. Sweringen*, 12 Ga. 23 ; *State v. Gastind*, 20 La. An. 114 ; 1 Dill. on Mun. Corp. [3 Ed.] sec. 196. (3) It is further admitted by relator that the board of aldermen, whose duty it was to canvass the returns of the April election, after discharging that duty, adjourned *sine die* before the institution of this proceeding, and went out of office, and are no longer in a position to do what the relator would require at their hands. The writ does not lie to canvassers of an election to compel them to canvass the returns after they have once performed this duty, and the matter has passed beyond their jurisdiction. 12 Bush, 217 ; *State v. Rodman*, 43 Mo. 256 ; *State v. Bruce*, 3 Brevard [S. C.] 264. (4) The office of mayor of Pierce City is now, and has all the time been, filled by a lawful incumbent, and mandamus will not issue when there is a person already holding by color of right. *St. Louis County v. Sparks*, 10 Mo. 117. The principle upon which the court exercises this extraordinary process is, that a strong necessity for such a remedy exists, and that, without it, the ends of justice will be defeated. Tapp. on Mand. 67 ; High on Ex. Leg. Rem., sec. 49 ; *State ex rel. Bland v. Rodman*, 43 Mo. 256, 260. (5) The peremptory writ must follow the alternative one, and

the latter must follow the petition. 65 Mo. 76; 61 Mo. 155; Moses on Mandamus, 208-9. (6) The relator must show a clear legal right, and not a doubtful one, or the writ will not be granted. *People v. Crolty*, 93 Ill. 180; *In re Hains*, 52 Ala. 87; *People v. Trustees*, 86 Ill. 613; *People v. Lick*, 85 Ill. 484; *In re Manning*, 14 How. 24; *In re Cutting*, 94 U. S. 14; *In re Morris*, 11 Gratt. 292; 2 Dill. on Mun. Corp. [3 Ed.] sec. 828. (7) If the election, held in pursuance of the order made May 3, 1886, is based upon the grounds of the ineligibility of relator at the first, or general election, then it follows, of course, that relator can claim no relief in this action, in virtue of said election, and he can claim nothing on the grounds of a vacancy, for, as the mayor, elected in 1884, was elected for a term of two years, and until his successor was elected and qualified (R. S., sec. 4935), there could be no vacancy, and hence, no authority to hold the special election of May 25, 1886. *State v. Lusk*, 18 Mo. 337; *State ex rel. v. Ransom*, 72 Mo. 78, 91; sec. 5, art. 14, Const. 1875; *Lindsey v. Luckett*, 20 Texas, 516; *Biddle v. Willard*, 10 Ind. 63; *People v. Wetherell*, 14 Mich. 48; 1 Dill. Mun. Corp. [3 Ed.] sec. 222; *State ex rel. McHenry v. Jenkins*, 43 Mo. 261; *State ex rel. Crawford v. Robinson*, 1 Kas. 17; *State v. Seay*, 64 Mo. 89, and cases cited. (8) The election at Armory Hall, May 25, was irregular and void, for the reason that under the law and ordinances governing' such elections, a poll should have been opened in each ward, instead of a single place, and it does not appear that any notice whatever of this election was given or published.

BLACK, J.—The relator was a candidate for mayor of Pierce City, at the April election, 1886. The respondents are the aldermen of that city. An ordinance of the city makes it the duty of the aldermen, on a designated day, after each election, to canvass the returns, to determine who has been elected to the various offices, and to direct the clerk to issue certificates of election to

the persons declared elected. In this case, the aldermen determined that relator had received the highest number of votes, but declined to direct the clerk to issue a certificate of election, and he now seeks, by the writ of mandamus, to compel them to do so. The law (Acts of 1881, p. 58), in express terms, declares that no person shall be mayor of these cities of the fourth class, unless he be an inhabitant of the city for one year next before his election. On the pleadings, as they stand, it is admitted that the relator did not possess this qualification. A peremptory writ of mandamus will not be issued, unless the relator shows a clear right to the remedy which he asks. *State ex rel. Ensworth v. Albin,* 44 Mo. 346. The election of a person to an office who does not possess the requisite qualifications, gives him no right to hold the office. 1 Dill. Mun. Corp. [3 Ed.] sec. 196. As, by reason of his disqualifications, the relator was not entitled to hold the office, surely he has no right, at the hand of the court, to be armed with a certificate of election—evidence of title to that to which he has no right.

We have treated the motion for a peremptory writ on the return as a demurrer, for that it is, in effect. It is not only shown, by the return, that the relator did not possess the requisite qualifications, but the writ, after stating that he had been an inhabitant of the city for one year before the election, proceeds to say, "and if, perchance, construed not to have been an inhabitant of said city for one year, yet," etc. This evasive statement must be regarded as an admission, by the relator's own pleading, that he has not been an inhabitant of the city for the necessary period of time. There is, therefore, no need of holding the case over for further pleading.

The motion is overruled, and judgment will be entered, on the pleadings, for the respondents, with costs against the relator. All concur.