STATE on inf. DEARING, *Prosecuting Attorney*, v. BERKELEY, *Appellant*.

### Division Two, June 22, 1897.

1. **Quo Warranto:** PLEADING. In a proceeding instituted by the prosecuting attorney to test the title of a certain person to office it is only necessary to charge that he has intruded into, usurped and unlawfully exercised the functions of a certain office, without specific allegations; and an information by the attorney-general may be filed without leave and as a matter of course. But when the proceedings are begun at the instance of a private individual his interest in the question must be made to appear.

2. ————: CITY ATTORNEY: PAYMENT OF TAXES. The payment by a candidate of his delinquent taxes at 9 o'clock on the day of the election, was made in time to render him eligible to the office of city attorney of a city of the third class under the laws of 1895 which say that "no person shall be elected or appointed to any office who shall at the time be in arrears for unpaid city taxes."

3. **Payment of Taxes:** FRACTION OF A DAY. Where an election was in progress at the time a candidate paid his city taxes, and continued until the closing of the polls as provided by statute, the law will regard the fraction of a day, if necessary, to make such payment a compliance with the statuory requirement.

*Appeal from Jefferson Circuit Court.*—HON. JAMES F. GREEN, Judge.

REVERSED.

*J. G. Berkeley* for appellant.

(1)   The verdict of the trial court was against the law. Laws 1893, 1894, art. 4, sec. 25, p. 70.   (2)

State v. Berkeley.

The statute will be construed in its ordinary plain meaning, with reference to the time fixed by it when one seeking an office shall have paid his taxes, etc. Laws 1893, art. 4, sec. 25, p. 70; R. S. 1889, sec. 6570. (3) It was error of the court to grant the writ to show cause. 2 Dillon, Mun. Corp. [4 Ed.], sec. 900. (4) The relator as shown by the record had not sufficient interest to be entitled to sue out the writ. He was a stranger in interest to the action. 2 Dillon, Mun. Corp. [4 Ed.], sec. 901. (5) The law recognizes no parts of a day. Appellant being eligible the greater part of the day was clearly eligible throughout the whole day.

*Jos. G. Williams* for respondent.

SHERWOOD, J.—On an *ex-officio* information filed in the circuit court, this proceeding in the nature of a *quo warranto* was instituted, and by the judgment of that court defendant was ousted from his office of city attorney of the city of DeSoto, and from such judgment of ouster he appeals to this court.

1. The prosecuting attorney has in the case at bar instituted this proceeding in the proper manner. "The title to all offices being derived from the State, and it having an inherent right at any time to call upon one who assumes to exercise the functions of a public office, to show his right to do so, it is evident that no specific allegations of right or title on the part of the State can be necessary; . . . . . . . therefore, in such cases, . . . . . . . a charge in general language that the respondent has intruded into, usurped and unlawfully exercised the functions of a certain office is all that is required to put him to his answer . . . . . . . In all these cases, the State seeks to recover, not so much on the strength of its own title as upon the weakness or

defects in the respondent's title, which it calls upon him to establish." Mechem's Pub. Off., sec. 491. "And when the information is filed in its name by the attorney-general (or other similar officer) it will be presumed that he does so in his official capacity and for the purpose of vindicating the rights of the State." *Ib.*, sec. 490.

Not so, however, when the proceedings are begun at the instance of some private individual; in such case his interest in the question must be made to appear. *Ib.*, sec. 490. And an information in *quo warranto* by the attorney-general, etc., may be filed without leave and as a matter of course. *State ex rel. v. Rose*, 84 Mo. 198, and cases cited. Short on Mand., Quo Warranto, etc., sec. 175.

2. The answer of the respondent to the rule to show by what authority he held the office of city attorney was in due form, and set up among other things, that: "At a special election, the same being legally held in and for the city of DeSoto, Missouri, for the purpose of electing a city attorney for said city, that he received a majority of the votes cast thereat. Defendant further says that on the tenth day of July, 1894, at the time of his said election, he was not in arrears to the city of DeSoto, aforesaid, for any city taxes, forfeitures, judgments or defalcations in office."

This is the turning point in defendant's case, as DeSoto is a city of the third class, and section 25 of the statute governing cities of that class is the following: "No person shall be elected or appointed to any office who shall at the time be in arrears for any unpaid city taxes, or forfeitures or defalcation in office." Laws 1893, p. 70.

The case was tried on an agreed statement of facts (an excellent plan, by the way, where the case is tried by *lawyers*, who of course are not afraid to make all

proper admissions). Among the admitted facts was this statement: "It is conceded by both plaintiff and defendant that the point to be decided by the court is, whether the defendant is entitled, under section 25, of article 4, of the laws of Missouri, 1893, to hold, exercise, and enjoy the office of city attorney of the city of DeSoto, Missouri, said city being a city of the third class, he having failed to pay his delinquent city taxes until 9 o'clock A. M. on the day of the election as aforesaid."

On this point we have no doubt that defendant paid his delinquent city taxes in time to render him eligible to the office of city attorney, because *at the time* he paid those taxes, to wit, at 9 A. M. of the tenth day of July aforesaid, the *election was then in progress, and was not over until the close of the polls on that day.*

In such a case the law, if necessary, will regard the fraction of a day.

For this reason, judgment reversed.   All concur.