THE STATE OF MISSOURI, at the information of E. C. ANDERSON, Prosecuting Attorney, at the relation of P. A. BOOTHE, Appellant, v. T. D. MOSS, Respondent.

**Kansas City Court of Appeals, February 1, 1915.**

1. **QUO WARRANTO: Elections: Mandamus.** This proceeding, in the nature of a *quo warranto*, was instituted by plaintiff to oust an alderman, the defendant, in Sturgeon, a city of the fourth class, from his seat. The plaintiff was elected to said office, received his certificate from the mayor, but was refused a seat in the council by a majority of the board. *Held*, that a demurrer to the evidence was properly sustained, because the plaintiff's remedy was *mandamus* to compel the board to canvass the election returns and certify the plaintiff's election to the clerk.

2. **————: Mandamus: Canvassing Election Returns.** Whether the failure of the board to convene in extra session and canvass the returns was willful or negligent, the remedy it afforded relator was *mandamus* and not *quo warranto*. The office of an information in the nature of a *quo warranto* is to oust an usurper from a public office into which he has intruded.

3. **MANDAMUS: Ministerial Acts.** *Mandamus* will lie to compel a ministerial, but not a judicial act, and as the duty of a canvassing board is purely ministerial, being confined to casting up the vote certified by the election officers, *mandamus* may be invoked to compel the performance of that duty.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris*, Judge.

AFFIRMED.

*Fry & Rodgers* for appellant.

(1) The demurrer admits that appellant was legally elected to the office of alderman from the first ward. In this State a person derives his title to an office by his election and not by his commission, and if

he holds and exercises the functions of an office without having been legally elected, it is an unlawful holding, and he may be ousted at the instance of the State. State ex rel. Horstman v. County Court, 25 Mo. App. 446; State ex rel. v. Steers, 44 Mo. 223; State ex rel. v. Wright, 251 Mo. 341; State ex rel. v. Vail, 53 Mo. 97; High's Extraordinary Legal Remedies (2 Ed.), p. 54 et seq. (2) Mandamus is not the proper remedy or proceeding to determine the right of respondent to the office under the facts stated in the amended petition. The proper proceeding is by *quo warranto*. State ex rel. v. County Court, 25 Mo. App. 446; State ex rel. Jackson v. Auditor, 34 Mo. 383; State ex rel. Frank v. Goben, 167 Mo. App. 613; St. Louis Co. v. Sparks, 10 Mo. 117; High's Extraordinary Legal Remedies (2 Ed.), p. 54 et seq.

*Arthur Bruton* and *Don C. Carter* for respondent.

(1) Mandamus was the proper remedy of relator under the facts in this case, and not *quo warranto*. High's Ex. Leg. Rem. (2 Ed.), page 58, sec. 55; State ex rel. Metcalf v. Garesche, 65 Mo. 480; State ex rel. Broadhead v. Berg, 76 Mo. 136; High's Ex. Leg. Rem. (2 Ed.), page 63, sec. 60; High's Ex. Leg. Rem. (2 Ed.), page 64, sec. 61; High's Ex. Leg. Rem. (2 Ed.), sec. 62; High's Ex. Leg. Rem. (2 Ed.), *Quo Warranto*, sec. 645; State ex rel. Attorney-General v. Steers, 44 Mo. 228; Section 9302, R. S. 1909; State ex rel. Steadley v. Stuckey, 78 Mo. App. 533; State ex rel. Ford v. Trigg, 72 Mo. 365; 26 Cyc. page 275, par. 12, under Mandamus; 15 Cyc., page 384-385, par. 8, under Elections; State ex rel. Ewing v. Francis, 88 Mo. 557; State ex rel. v. Mason, 77 Mo. 189; State ex rel. v. Vail, 53 Mo. 97; People ex rel. Barton v. Londoner, 13 Colo. 303, 6 L. R. A. 444; State R. R. Com. v. People ex rel. Denver & R. G. R. Co., 22 L. R. A. (N. S.) 816; Section 9304, R. S. 1909; Dillon on Munc. Cor., page 2665, sec. 1497.

(2) The information of relator, in the nature of *quo warranto*, did not state facts sufficient to constitute a cause of action. State ex inf. Deering v. Berkeley, 140 Mo. 185; State ex inf. v. Vallins, 140 Mo. 527; State ex inf. v. Hogan; 163 Mo. 52; 32 Cyc., page 1451, under *Quo Warranto;* State v. Boal, 46 Mo. 528; Section 9304, R. S. 1909; State ex inf. v. Lund, 167 Mo. 238.

JOHNSON, J.—This is a proceeding in the nature of *quo warranto* prosecuted in the name of the State on the information of the prosecuting attorney of Boone county and at the relation of P. A. Boothe. The object of the proceeding is to oust respondent from the office of alderman in Sturgeon, a city of the fourth class in Boone county, and to install relator in that office. A demurrer to the information was sustained on the ground that *quo warranto* is not the remedy available to the relator under the pleaded facts and on the election of relator to stand on the information, judgment was rendered for respondent.

The alleged facts are as follows: Boothe and Moss were rival candidates at a regular city election held April 7, 1914, for the office of alderman of which Moss was the incumbent, entitled to hold over until his successor was elected and qualified. The returns of the election certified by the judges to the mayor disclosed that Boothe had received forty-four and Moss forty-two votes. The ordinances of the city made it the duty of the mayor, immediately after receiving the certified returns, to call an extra session of the board of aldermen which consisted of four members and the duty of the board at such session was to canvass the returns and certify the result to the city clerk who then was required to issue a certificate of election, signed by the mayor to the candidate certified as having received the highest number of votes. The mayor called the extra session for April 11, 1914, at 7:30 p. m. and had notice thereof duly issued and served on

the members of the board, but three of the members, including respondent, failed to appear, and there was no quorum at the meeting. The mayor and one member attended and, proceeding as though a quorum were present, canvassed the returns certified by the judges of the election and certified the result to the city clerk who, thereupon, issued a certificate of election to relator. After taking the oath of office relator attempted to take his seat, but the board refused to receive him as a duly elected and qualified member and permitted respondent to continue in the discharge of the duties of the office. It is alleged that this situation was the result of a conspiracy among the three members who failed to appear at the extra session and who constituted a majority of the board, to keep respondent in office by preventing a canvass of the election returns by the board and a certification of the result to the clerk.

For the purposes of the present inquiry the truth of the allegations we have stated is confessed by the demurrer, and it is proper to observe that the facts thus admitted show beyond question that relator is entitled to relief. The question for our solution is whether or not in resorting to *quo warranto* he has selected the proper remedy.

The statutes relating to cities of the fourth class provide that the manner of making returns of city elections shall be prescribed by ordinance (Sec. 9302, Rev. Stat. 1909) and it appears that such ordinances had been enacted, were in force, and were duly observed at the election in question to the point where the board of aldermen should have met in extra session, canvassed the returns and certified the result to the clerk. Then the prescribed course which should have been followed until a legal certificate of election was issued and delivered to the successful candidate was brought to an abrupt and untimely end by the wrongful con-

duct of a majority of the members of the board in preventing a lawful canvass of the returns.

The attempt of a minority of the board to act as though a quorum were present and the board convened in lawful session, was nugatory, and the case stands in the position it would be in if no such attempt had been made. The board did not meet in extra session and all the steps which ended in the issuance of a certificate of election to relator being unauthorized by law, as clearly appears from the allegations of the information, were void and of no effect. "A person derives his title to an office by his election and not by his commission," (State ex rel. v. Steers, 44 Mo. 223) and the mere fact that relator, when he demanded his seat, was armed with a certificate of election, did not, of itself, compel the board of aldermen to receive him as duly elected and qualified. The board might inquire into the regularity of the proceedings which culminated in the issuance of the certificate and on finding that essential steps to give validity to the certificate had not been taken, was entitled to reject the holder as not properly qualified. The law prescribed a course of procedure for ascertaining the results of the election and no certificate could be lawfully issued if there was any substantial deviation from that course. Being entitled to hold the office until his successor was elected and qualified, respondent could not have been lawfully superseded by relator who, at the time of his demand, was clearly not properly qualified, since the fact of his election had not been ascertained and declared in the manner prescribed by law.

Whether the failure of the board to convene in extra session and canvass the returns was willful or negligent, the remedy it afforded relator was *mandamus* and not *quo warranto*. The office of an information in the nature of a *quo warranto* is to oust an usurper from a public office into which he has intruded.

"In all these cases, the State seeks to recover, not so much on the strength of its own title as upon the weakness or defects in the respondent's title which it calls upon him to establish." [State v. Berkeley, 140 Mo. 184.]

An information filed at the instance of a private person, as in the present case, to oust the incumbent and obtain possession of an office, must state facts showing that the claimant is entitled to the office and the respondent is an intruder. [32 Cyc. 1451.] The information under consideration shows that relator, though, in fact, elected, has not perfected his title and that respondent, until he does, is entitled to hold the office under the rule that an officer holds until his successor is elected and qualified. [State ex rel. v. Steers, supra, 1. c. 227.]

Unquestionably, the remedy, and the only remedy, available, to relator, is mandamus to compel the board to meet in extra session, canvass the returns and certify the result to the clerk. In canvassing, the board would not be authorized to go behind the returns, as certified by the judges of election, and its duties as a board of canvassers, being purely ministerial, are of a class the performance of which may be compelled by *mandamus* which "does not lie to compel the performance of a particular judicial act, but it does lie to compel the performance of a particular ministerial act. It simply requires the judicial officer to proceed to do his duty; it not only requires the ministerial officer to do his duty but it also indicates what his specific duty is." [State ex rel. v. Garesche, 65 Mo. 1. c. 489.]

As stated in State ex rel. v. Stuckey, 78 Mo. App. 533, the pertinent rule abundantly sustained by the authorities in this and other jurisdictions is that "the duty of a canvassing board is purely ministerial, and is confined to casting up the vote certified by the elec-

tion officers, and in a mandamus proceeding to compel the performance of such duty where the relator has the requisite qualifications, there will be no investigation of his title beyond such election certificates." [State ex rel. v. Garesche, supra; State ex rel. v. Berg, 76 Mo. 136; High on Extraordinary Legal Remedies (2 Ed.), p. 63, et seq.; State ex rel. v. Steers, supra; State ex rel. v. Stuckey, 78 Mo. App. 533; State ex rel. v. Trigg, 72 Mo. 365; 26 Cyc., p. 275; 15 Cyc., p. 384; State ex rel. v. Francis, 88 Mo. 557; State ex rel. v. Mason, 77 Mo. 189; State ex rel. v. Vail, 53 Mo. 97; Dillon on Municipal Corp., sec. 1497.]

The demurrer to the information was properly sustained. Affirmed. All concur.