Dear Mr. Antonio:
This opinion is in response to your question asking:
 If the board of aldermen pass an ordinance increasing their own compensation subsequent to an election by which part of the board was reelected but prior to the commencement of the new term of office of the reelected aldermen, is the increase in compensation legal, and, if so, on what date does the increase become effective for each member of the board of aldermen?
The city you refer to is a fourth class city with six members elected to the board of aldermen, two from each of three wards pursuant to § 79.060, RSMo. The terms of three aldermen expired in April of 1978, and two of such aldermen were re-elected at that April election. The terms of three of the other aldermen did not expire until 1979. It is also our understanding that at a regular meeting of the mayor and board of aldermen on April 17, 1978, the aldermen unanimously passed an ordinance increasing the compensation of each alderman from $25 to $30 per meeting. Such ordinance was to be effective from and after May 1, 1978. The board minutes and the ordinance also indicate that such ordinance was read three times, passed, and approved April 17, 1978.
The board minutes also indicate that after the ordinance was passed which purported to increase the compensation of the board of aldermen, the outgoing board of aldermen declared the results of the municipal election of April 4, 1978, declared the candidates elected to the various offices of the city and provided that such persons, including the newly elected aldermen, take office on May 1, 1978.
Under § 79.030, RSMo 1969, which was effective at the time this board action was taken, a general election for the elective officers of each city of the fourth class was required to be held on the first Tuesday in April, next after the organization of such city under the provisions of Chapter 79 and every two years thereafter. Section 79.030, RSMo 1969, has now been amended (See § 79.030, RSMo 1978), but that amendment has no effect on the conclusion we reach. Such amendment provides that an election for the elective officers of each city of the fourth class shall be held after the organization of such city under the provisions of Chapter 79 and on municipal election days every two years thereafter.
Our first problem is to determine the terms of such aldermen. Clearly it was intended that an election would be held for certain aldermen every two years. In State ex rel.Brown v. McMillan. 18 S.W. 784 (Mo. 1891), the Missouri Supreme Court upheld the contention of the relator, which was that § 1581 of the Revised Statutes of 1889 fixed the official term of such aldermen at two years from the first Tuesday in April, such terms beginning at the general election. Section 1581 of the Revised Statutes of 1889 provided that there would be a general election for elective officers on the first Tuesday in April after the organization of such city and every two years thereafter and was the statutory predecessor to § 79.030.
In Hawkins v. City of Fayette, 604 S.W.2d 716 (Mo.App. W.D. 1980), the Missouri Court of Appeals at l.c. 720 held that the matter of when the oath of office is taken is immaterial to its term; and that because the statutes speak of a term of office for two years, the term cannot be longer than the time when a successor is elected.
It has also been held that a fourth class city has only the powers conferred on it by statute. State ex rel. City ofRepublic v. Smith, 139 S.W.2d 929 (Mo. Banc 1940). We know of no authority for such a city to enact an ordinance providing that the persons elected aldermen would not take their office until May 1, 1978. It is our view that such a provision is improper because we believe that the aldermen-elect had the right to have the results of the election declared by the outgoing board of aldermen in a meeting of the board of aldermen as soon as reasonably possible after the election and to take office after the results of the election are declared. Such a right in our view is enforceable by mandamus. Stateex inf. Anderson v. Moss, 172 S.W. 1180 (K.C. 1915). We do not say that the outgoing board of aldermen had no authority to act after the election. Clearly, such officers hold office until their successors are duly elected and qualified, and generally the acts they perform during that period are valid. Section 12 of Art. VII of the Missouri Constitution provides that "[e]xcept as provided in this constitution, and subject to the right of resignation, all officers shall hold office for the term thereof, and until their successors are duly elected or appointed and qualified."
Under § 79.270, RSMo, the board of aldermen has the power to fix the compensation of all officers and employees of the city by ordinance. Such section also provides:
 . . . the salary of an officer shall not be changed during the time for which he was elected or appointed.
Section 13 of Art. VII of the Missouri Constitution provides:
 The compensation of state, county and municipal officers shall not be increased during the term of office; nor shall the term of any officer be extended.
We believe that it was clearly improper for the outgoing board of aldermen to attempt to change the compensation of the aldermen after the municipal election. As we have stated, it is our view that the principal order of business for the outgoing board of aldermen after the election is to declare the results of the election and to permit the newly elected aldermen to take office. The term of the aldermen-elect started after the election. The mere fact that the incumbents held over does not make such an increase in compensation any the less of a violation of § 13 of Art. VII.
We conclude that the purported increase could not go into effect, either as to the newly elected alderman, the re-elected incumbents, or those incumbents who were not then subject to election on May 1, 1978.
We do not pass upon any action of the council respecting compensation increases other than that provided to us which we have noted above. Further, we do not purport to pass upon the present compensation of the members of the board of aldermen.
CONCLUSION
It is the opinion of this office that after a municipal election, the city council of a fourth class city must meet as soon as the results of the election can be declared, declare and certify such results, and allow the aldermen-elect to take office upon their taking the oath and qualifying. Such city has no authority to delay the aldermen-elect from taking office by ordinance provision delaying such date. A compensation increase passed with respect to such board of aldermen after the election and prior to the date the new aldermen take office to take effect when the new board of aldermen take office does not increase the compensation on that date of either the alderman-elect who was not previously an incumbent, the aldermen-elect who were incumbents, or the incumbents who were not up for election.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General