STATE of Missouri ex rel., Jerome SELSOR, Relator–Respondent,

v.

Patricia GRIMSHAW, Respondent–Appellant.

No. 55094.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 10, 1989.

struction apply in either situation, and thus are applicable to this case.

Louis Jerry Weber, Hillsboro, for respondent-appellant.

Ted Guberman, Festus, for relator-respondent.

REINHARD, Judge.

Respondent below, the city clerk of Kimmswick, appeals the trial court's peremptory writ of mandamus ordering her to issue the oath of office of Mayor of the City of Kimmswick to relator. We reverse.

A party seeking a writ of mandamus must show a clear and specific right to the relief sought. *State ex rel. Snyder v. Aldermen of Pierce City,* 91 Mo. 445, 3 S.W. 849 (1887); *State ex rel. Westfall v. Crandall,* 610 S.W.2d 45, 46 (Mo.App. 1980). An order awarding a peremptory writ of mandamus is appealable. *State ex rel. Ciaramitaro v. City of Charlack,* 679 S.W.2d 405, 406 (Mo.App.1984).

The issue in this case is whether relator was eligible to be elected to the office of Mayor of the City of Kimmswick when he paid his 1987 city property tax *after* the 1988 mayoral election was held. He paid the tax on April 17, 1988; the election was held April 5, 1988. Kimmswick is a fourth class city. The parties submitted the case to the court on stipulated facts which included a stipulation that relator was otherwise eligible for the office. The statute which controls the outcome of this appeal reads in pertinent part as follows: "No person shall be elected ... to any office who shall at the time be in arrears for any unpaid city taxes...." § 79.250, RSMo Supp.1988. Relator's 1987 city taxes became delinquent on January 1, 1988. § 94.300, RSMo 1986.

On appeal, relator argues that our supreme court's holding in *State ex inf. Mitchell ex rel. Goodman v. Heath,* 345 Mo. 226, 132 S.W.2d 1001 (1939), overruled the cases respondent below contends control the propriety of the trial court's grant of the writ. Respondent below relies on *Thomas v. Williams,* 99 Mo. 291, 12 S.W. 905 (1889); *State ex rel. Dearing v. Berkeley,* 140 Mo. 184, 41 S.W. 732 (1897); and *State ex rel. Crow v. Page,* 140 Mo. 501, 41 S.W. 963 (1897), for the proposition that relator must have paid the tax arrearage at least before the time the polls closed on election day, April 5, 1988.

In *Heath,* our Supreme Court construed the following statutory language: "shall have paid a state and county tax within one year next preceding his ... election;" and held that "a person, who owns taxable property and owes taxes on it which are due and payable during the calendar year preceding his election, would be eligible to take the office of common school director if he pays such taxes at least prior to the time prescribed for taking his oath of office." Id. 345 Mo. at 232–33, 132 S.W.2d at 1005. This statutory language came from § 9287, RSMo 1929 (repealed). Relator contends that because he paid the taxes before the first meeting of the Board of Aldermen held after the mayoral election, he is eligible for the office of Mayor. The statute construed in *Heath* is neither the same nor a predecessor of the statute questioned here.

We find that one of the cases respondent below relies upon, *State ex rel. Crow v. Page,* controls the outcome of this case. In

*Page* our Supreme Court held, in a quo warranto action, that a judgment of ouster against the then acting city marshal of a fourth class city was proper when the respondent had failed to pay his taxes until after the date the elections for the office were held. The statute in effect when the court heard the case is a predecessor of the statute questioned here and the two statutes are, in pertinent part, word-for-word the same. *Compare* § 5916, RSMo 1899 *and* § 79.250, RSMo Supp.1988.

In reaching its holding in *Page,* the Court relied on *Williams,* 99 Mo. at 291, 12 S.W. at 905 and *Berkeley,* 140 Mo. at 184, 41 S.W. at 732. In *Williams,* the Court denied relator's petition for a writ of mandamus to compel the recorder of voters of a charter city to issue a certificate of election to the office of city marshal to relator after he received a majority of the votes at the election when relator was, *at the time of the election,* in arrears on his city taxes, indebted to the city, and did not meet the residency requirement; all in violation of a city charter provision setting forth eligibility requirements for city officers. In *Berkeley,* the Court reversed the trial court's judgment of ouster against the acting city attorney of a third class city when respondent had paid his city tax arrearages *before the polls closed on the election day.* The applicable statute there and the statute in question here are, in pertinent part, identical. *Compare* § 5775, RSMo 1899 (now codified as revised at § 77.380, RSMo Supp. 1988) *and* § 79.250, RSMo Supp.1988.

Relator was in arrears on his 1987 taxes when the 1988 election for the office of Mayor of the City of Kimmswick was held and he failed to pay those taxes until over a week after the election was held. Relator had no right to the relief he sought.

JUDGMENT REVERSED.

CRANDALL, P.J., and CRIST, J., concur.