Cleo WATTS, Appellant,

v.

Robert FLENOY, Respondent.

No. 70862.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 4, 1997.

Weiss & Associates, P.C., Ryan Shaughnessy, St. Louis, for appellant.

Curtis, Oetting, Heinz, Garrett & Soule, P.C., Steven W. Garrett, St. Louis, for respondent.

KAROHL, Judge.

The parties to this dispute are residents of Velda City, Missouri. They were candidates for the Office of Alderman for Ward I, appearing on the ballot for the general election held on April 2, 1996. On April 12, 1996, the St. Louis County Board of Election Commissioners certified Robert Flenoy (Flenoy) received 78 votes, Cleo Watts (Watts) 71 votes and Sherman Curtis 22 votes. Watts filed a petition to challenge "the qualifications of Defendant Robert Flenoy to be elected to and to hold the office [sic] of Alderman from Ward I of Velda City, Missouri[,] and hereby seeks a declaration that the office is vacant due to Defendant Robert Flenoy's disqualification from holding said office." Flenoy filed a motion to dismiss alleging seven grounds for dismissal. The trial court dismissed the petition without identifying any grounds. Watts appealed.

Watts' two claims of error assume the trial court dismissed her petition on the grounds: (1) it was untimely filed and barred by § 115.526 RSMo 1994; and, (2) candidate Flenoy did not file a false affidavit of candidacy when he asserted he owed no city sales taxes. Watts' brief does not address other grounds for dismissal including an allegation that the petition fails to state a claim upon which relief can be granted.

The relevant undisputed facts are the parties were candidates for the Office of Alderman in the April 2, 1996, general election. No election contest was filed before the general election. Section 79.250 RSMo 1994 prohibits election or appointment to any office of a person in arrears for unpaid city taxes. On January 24, 1996, Flenoy filed a declaration of candidacy which included a statement that he was "not in the arrears for any unpaid City taxes." The election was held on April 2, 1996. The Board of Election Commissioners issued a certification of results on April 12, 1996. On May 3, 1996, Watts observed Flenoy driving a motor vehicle "which [she alleges] was not properly registered and licensed with the State of Missouri." Candidate Flenoy paid no sales tax on the purchase of the subject motor vehicle prior to the close of the polls at the election held on April 2, 1996. On May 6, 1996, Watts filed the petition which seeks a declaration that Flenoy was disqualified from holding the Office of Alderman, Ward I, and a declaration that the office is vacant.

Even after allowing the pleading its broadest intendment and assuming all alleged facts as true, we hold Watts' petition fails to state a cause of action for several reasons. *Shapiro v. Columbia Union Nat. Bank & Trust Company,* 576 S.W.2d 310, 312 (Mo. banc 1978); *Leeser Trucking Inc. v. Pac–A–Way, Inc.,* 914 S.W.2d 40, 42 (Mo. App. E.D.1996). First, her reliance on § 115.526 RSMo 1994 as authority for her "election contest" is misplaced. The subject of § 115.526 RSMo 1994 is the qualification of candidates. The sanction in that section is disqualification "as a candidate" in a primary or general election. Disqualification of a candidate before election is not the same as a proceeding to remove an officer from office. The procedure to contest an election is found in §§ 115.553 and 115.557 RSMo 1994. Watts did not rely on these sections when she filed her election contest after the general election was held and the results certified. Therefore, her reliance on § 115.526 RSMo 1994 does not provide her with a remedy.

Second, Watts alleged candidate Flenoy was in arrears on city sales taxes, thus disqualifying him from office under the provisions of § 79.250 RSMo 1994 which provides, inter alia, "no person shall be elected or

appointed to any office who shall at the time be in arrears for any unpaid city taxes...." Watts alleged, and now argues, candidate Flenoy was disqualified because he falsely declared that he owed no city taxes. She contends he was indebted to the city for unpaid sales tax on an automobile which he purchased before the election but on which no city sales taxes were paid before the polls closed on election day. But, the petition does not allege when Flenoy purchased the automobile, if he did. Watts only alleged she discovered Flenoy driving a motor vehicle on May 3, 1996, which was not properly registered and licensed. Allegations Flenoy purchased an automobile and did so before the general election are missing.

■ Third, if the pleading was sufficient to permit proof candidate Flenoy purchased and failed to timely pay a sales tax on an automobile purchase, the sales tax imposed on the purchase of motor vehicles under § 66.630 RSMo 1994 is not a city tax and § 79.250 is applicable only to city taxes. The tax on such sales is a county sales tax, collected by the county and subsequently distributed, in part, to cities. No statute or ordinance creates a city sales tax on automobile sales. The petition fails to allege facts which would support a finding that candidate Flenoy owed city sales taxes on a previous motor vehicle purchase or that he was untruthful in declaring that he owed no such taxes.

We also hold, as a matter of law, § 115.526 RSMo 1994 applies only to disqualification of a candidate before an election is held and the results certified. An interpretation of the scope of the remedy provided in § 115.526 RSMo 1994 is a question of law. It has no application to Watts' allegations or her claim Flenoy is disqualified from holding office. That section offers no authority for removal of an elected official from office or a declaration that the office is vacant.

We affirm.

RHODES RUSSELL, P.J., and SIMON, J., concur.