**In re the Contest of Lottie M. WILLIAMS Regarding the Qualifications of Robert L. Hensley to Seek and/or Hold the Office of Mayor of Velda City, Missouri, a Fourth Class City.**

**Lottie M. WILLIAMS, Appellant,**

v.

**Robert L. HENSLEY, and Board of Election Commissioner of St. Louis County, Missouri, Respondents.**

No. 72107.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 25, 1997.

Candidate Williams is opposing candidate Robert L. Hensley for the office of Mayor of Velda City, a fourth class city. The election is scheduled for April 1, 1997. The trial court found candidate Hensley was not disqualified and denied relief. We have jurisdiction. Section 115.597 RSMo 1994.

Candidate Williams petitioned for an order declaring candidate Hensley not qualified to seek or hold the office of Mayor of Velda City. She alleged candidate Hensley owned two parcels of land within the city limits and owed the city real estate taxes for the years 1995 and 1996 at the time he filed a Declaration of Candidacy on January 14, 1997. In the declaration, he declared he was not in arrears for any unpaid city taxes. Section 79.250 RSMo 1994 contains a provision that "no person shall be elected or appointed to any office who shall at the time be in arrears for any unpaid city taxes,...."

Candidate Hensley answered: (1) by admitting the tax arrearage at the time he filed the declaration on January 14, 1997; (2) by asserting payment in full on January 29, 1997, of all taxes; and, (3) by relying on *State ex rel. Selsor v. Grimshaw*, 762 S.W.2d 868, 869 (Mo.App.1989) for the proposition that a candidate can seek and hold the office of mayor provided his taxes are paid by the time of the close of the polls on April 1, 1997. The parties presented the dispute to the circuit court on stipulated facts and argument of counsel. Candidate Williams appeals from an order and judgment which held, in relevant part:

. . . .

The parties admit, and the Court finds, that Robert L. Hensley has paid the taxes in Dispute. Consistent with § 79.250 RSMo. and *State ex rel Selsor v. Grimshaw* 762 S.W.2d 868, respondent Hensley is qualified to present himself as a candidate. Issues found in favor of the respondent. Cause dismissed with prejudice.

. . . .

Candidate Williams contends in one point on appeal that the trial court erred because it erroneously applied the rule of law set forth in *Grimshaw* and the judgment denied her statutory right to challenge the

Herzog, Crebs & McGhee, LLP, Ryan S. Shaughnessy, St. Louis, for petitioners.

Curtis, Oetting, Heinz, Garrett & Soule, P.C., Steven W. Garrett, St. Louis, for respondents.

KAROHL, Judge.

This expedited appeal involves an election contest filed by candidate Lottie M. Williams.

qualifications of candidate Hensley pursuant to section 115.526 RSMo 1994. The trial court did not deny candidate Williams' right to challenge the qualifications as authorized by statute. She is a candidate for the office of mayor and timely filed her election contest. Section 115.526 RSMo 1994. The trial court decided the dispute on the merits.

 The narrow issue may be decided by determining the meaning of the words "at the time" in § 79.250. Candidate Williams contends the reference is to the time of the filing of a declaration of candidacy. Candidate Hensley responds that the statutory disqualification applies to the time the polls close on election day.

We have never expressly decided this issue in an election contest. However, in *Grimshaw*, this court reviewed a venerable Missouri Supreme Court case, *State ex rel. Crow v. Page*, 140 Mo. 501, 41 S.W. 963 (Mo.1897) where the Supreme Court affirmed, in a quo warranto action, a judgment of ouster against an elected official who "failed to pay his taxes until after the date of the elections for the office were held." *Grimshaw*, 762 S.W.2d at 870. We decided in *Grimshaw* that the last possible time to avoid § 79.250 disqualification, by paying past due taxes, was at the close of the polls on election day. *Id.* We reversed the judgment granting Selsor's request for a writ of mandamus ordering the city clerk to issue the oath of office of mayor to him because he failed to pay his taxes until over a week after the election was held. *Id.*

Accordingly, we find and hold candidate Hensley, who paid his taxes before the judgment in the trial court, therefore, before the election to be held on April 1, 1997, is not disqualified because § 79.250 only provides that one cannot be elected to office if city taxes have not been paid and *Grimshaw* defines "at the time" to be the time the polls close on election day.

 Candidate Williams also protests that *Grimshaw* and our recent decision in *Watts v. Flenoy*, 938 S.W.2d 311 (Mo.App.E.D.1997) would operate to deny her an opportunity to contest candidate Hensley's disqualification for non-payment of taxes. In *Watts* we held

an election contest petition, based on an allegation that the prevailing candidate failed to pay city taxes, was untimely because it was not filed within five days after the election results were certified, § 115.507.1 RSMo 1994. Section 115.507.1 RSMo 1994 provides that election results are to be certified by a verification board, pursuant §§ 115.501 though 115.507, not later than the second Tuesday after the election. Consequently, in the event a candidate received the majority of the votes in an election held before payment of city taxes, any other candidate could bring an action no later than five days after the election results are certified. The trial court judgment does not deny a candidate the statutory right to contest qualification of a candidate for non-payment of taxes. It merely recognizes that ground is not disqualifying until the close of polls on election day.

We affirm.

AHRENS, C.J., and CRANDALL, J., concur.