## THE STATE ex rel. ROBERT A. BOWLAND v. W. B. CLOUD.

### In Banc, May 25, 1908.

**COUNTY TREASURERS: Eligibility.** Under the Act of 1907 county treasurers in office at the time the act was passed, whether serving their first or second term, are eligible to reelection at the general election in November, 1908, for a term of four years beginning the following January.

### Mandamus.

Peremptory writ awarded.

WOODSON, J.—This is an original proceeding, instituted in this court by the relator and against the respondent, as clerk of the county court of Greene county, to compel the latter to file the declaration of the former as a candidate for the office of treasurer of that county on the Republican ticket, in compliance with an act of the Legislature of 1907, entitled, "An Act to provide for party nominations by direct vote." [Laws 1907, p. 263, sec. 5.]

The petition and alternative writ of mandamus states, in substance, that the relator, on April 22, 1908, with a view to placing himself upon the official ballot of said Greene county, Missouri, as the candidate for the office of treasurer on the Republican ticket, signed

and verified the declaration required by law, giving his full name and residence, designating the office for which he proposes to be a candidate, and the date of the primary election at which his claims are to be sub- mitted, and naming the party upon whose ticket he is to be a candidate, which affidavit and declaration are in the form prescribed by the section of the act mentioned.

Relator further states that on the 22nd day of April, 1908, he presented to the said W. B. Cloud, as such clerk, at his office, the said declaration with the view of having the same filed, and with the view of having his name printed on the official ballot so as to have submitted his claims for nomination as county treasurer on the Republican ticket at the primary election, to be held on the said first Tuesday in August, 1908.

Relator further states that said W. B. Cloud, as such clerk, refused to accept said declaration and refused to file the same, and refused to mark the same filed, and refused to consider relator as a candidate for such office, and refused to publish his name on said official ballot for the alleged reason that the relator is not eligible to said office.

Relator states that on said pretext the said clerk returned to petitioner the said declaration with the following endorsement thereon:

"Springfield, Missouri, April 22, 1908.

"As I, W. B. Cloud, clerk of the county court of Greene county, Missouri, construe the act of the General Assembly, being an act entitled, 'An Act to amend section 6764, chapter 97, Revised Statutes of 1899,' approved April 1st, 1907, you are not eligible to the office of county treasurer, as you were elected county treasurer in 1904, and elected to said office in 1906, and, therefore, are now serving your second term.

"I, therefore, respectfully decline to receive your

declaration, and I refuse to file same in my office, and I give you notice hereby that I will not permit your name on the official ballot for the primary election to be held in August, 1908,'' which was duly signed by the clerk.

Relator further states that the sole reason for the refusal of said clerk to refuse to accept and file said declaration is, as stated, that relator is ineligible by reason of now being an incumbent for the second successive term in said office, which relator admits to be true.

The return of respondent admits the facts as stated in the alternative writ to be true, and insists that relator is ineligible to succeed himself in the office of treasurer of said county, and for that reason declined to accept and file his said declaration.

To the return of respondent, relator filed a motion to make the alternative writ heretofore issued peremptory, notwithstanding the return.

This record presents the same question which was involved in the case of State ex rel. Scott v. Dirckx, 211 Mo. 568. What is there said applies with equal force to the facts of this case; and the opinion delivered therein, by GANTT, C. J., is so ably and exhaustively considered that there remains but little or nothing that can be added by me on the subject. However, the section of the statute governing the elections of county treasurers contains a provision in favor of their eligibility which is not contained in the constitutional inhibition against sheriffs succeeding themselves in office.

The section of the statute of 1899 as amended by the Act of 1907, Laws 1907, p. 449, reads as follows:

"Section 6764. On the Tuesday after the first Monday in November, 1908, and every four years thereafter, there shall be elected by the qualified voters of the several counties of the State, a county treasurer, who shall be commissioned by the county court of his

county, and who shall enter upon the discharge of the duties of his office, on the first day of January next succeeding his election, and shall hold his office for the term of four years, and until his successor is elected and qualified, unless sooner removed from office. Provided, that no person shall be eligible to succeed himself as treasurer: Provided, further, that this act shall not be construed to deprive any one who is now county treasurer of the right to be re-elected in 1908.''

According to the last proviso of this statute, and according to the decision of this court in the Scott case, supra, there can be no doubt but what relator is eligible to the office of county treasurer.

We are, therefore, of the opinion that the alternative writ of mandamus should be made peremptory; and it is so ordered.

All concur, except *Valliant, J.*, who is absent, *Lamm, J.*, specially as follows: The office of treasurer is not, like that of sheriff, a constitutional office, as in the Scott case. The matter being regulated by statute and to the effect set forth by Brother WOODSON, I concur on that ground.