# THE STATE ex inf. ELLIOTT W. MAJOR ex rel. ROBERT S. RYORS v. RANSOM A. BREUER.

### In Banc, June 7, 1911.

1. **COLLECTORS: Eligibility to Election to Other Office.** A collector or other receiver of public money is not ineligible to election to another office at the time of his election, simply because he has not at that time made a settlement of and accounted for all public moneys coming into his hands and resigned his office, if prior to the time he qualifies and takes the other office, he fully accounts for the public moneys in his hands, etc.

2. ———: ———: **Constitution and Statute.** The Constitution and statute, in declaring that "no collector or receiver of public money shall be eligible to any office of trust or profit in the State of Missouri under the laws thereof, until he shall have accounted for and paid over all the public money for which he may be accountable," do not mean that he is not eligible to be a candidate for nomination at a primary election or that he is not eligible to be elected at a general election to another office unless he has previously accounted for and paid over all public money, etc. He is eligible to be nominated and to be elected, but he cannot hold that office and another at the same time, nor can he be permitted to take an office to which he has been elected or appointed so long as he is in default, and that is all this constitutional provision and statute mean.

    *Held,* by VALLIANT, C. J., in whose views LAMM, GRAVES, FERRISS and BROWN, JJ., concur, that whether the word "eligible," used in a statute or the Constitution, in reference to a candidate for a public office, refers to the date of the election or the date of taking possession of the office, depends on the context and on the subject; as used in the constitutional provision in this case, the word refers to the date the candidate is to take possession of the office.

3. ———: ———: **Contemporaneous Construction.** Contemporaneous construction, as shown in the unquestioned recognition, ever since the Constitution was adopted, of the eligibility to election to office of incumbents of the offices of treasurer, collector, sheriffs, etc., is a cogent reason for holding that a collector or receiver of public money is not ineligible to election until he has accounted for all public moneys in his hands.

4. ———: ———: **Settlement: Irregularity in Details.** If the collector accounted in full for all public moneys coming into his hands to the county court and the State officers, who gave him full receipts and acquittances, before he qualified for the office to which he had been elected, he is not ineligible be-

cause he failed to comply, in immaterial details, with the statute prescribing the manner in which final settlement shall be made.

5. QUO WARRANTO: At Relation of Private Citizen. Where no point is made as to the right of a private relator to be a party to a proceeding in *quo warranto* instituted by the Attorney-General in the Supreme Court at his relation, that question will not be determined.

. Quo Warranto.

WRIT OF OUSTER DENIED.

*Elliott W. Major,* Attorney-General, and *Silver & Dumm* for relator.

(1) "The patriots who framed the Constitution and the people who adopted it must be understood to have used its words in their natural sense and to have intended what they said." Gibbons v. Ogden, 9 Wheat. 188. "That, which the words declare, is the meaning of the instrument, and neither the courts nor the Legislature have a right to add to or to take away from that meaning." Hills v. Chicago, 60 Ill. 90; Greencastle v. Black, 5 Ind. 570; Purdy v. People, 4 Hill (N. Y.) 398; Lake Co. v. Rollins, 130 U. S. 670. (2) The words, " shall be eligible," refer to the time of the election or appointment. Const. 1875, art. 2, sec. 19. Provisions somewhat similar are found in the Constitutions of 1865 and 1820. G. S. 1865, p. 30, sec. 12; R. S. 1855, p. 66, sec. 12. The great weight of authority supports the proposition that the word eligible, as used in the constitutions and statutes concerning elections to office, means the capacity to hold the office at the time of the election, so that the subsequent removal of the disability will not remove the incompetency. Finklea v. Farish, 160 Ala. 230; Searcy v. Grow, 15 Cal. 117; People v. Leonard, 73 Cal. 230; State v. Clarke, 3 Nev. 566; In re Corless, 11 R. I. 638; State v. Moores, 52 Neb. 786; Taylor v. Sullivan, 45 Minn. 309; People v. Purdy, 47 N. Y. Supp. 601;

Carroll v. Greene, 148 Ind. 362; Roane v. Matthews, 75 Miss. 94; Brady v. How, 50 Miss. 607; Com. v. Pyle, 18 Pa. St. 519; Hall v. Ty., 2 Wash. Ty. 147; Springfield v. Butterfield, 98 Me. 155; People v. Purdy, 47 N. Y. Supp. 602. Most of the cases hold that the term "eligible" as used in a constitution or statute, means capacity to be chosen, and that therefore the qualification must exist at the time of the election or appointment. 29 Cyc., 1376; Black's Law Dictionary, "Eligible;" Anderson's Law Dictionary, "Eligible." (3) Meaning of terms "account" and "accountable." Adhering to the rule that the words of a constitution must be understood to have been used in their natural and ordinary sense, the meaning of section 19 of the Bill of Rights is not difficult to grasp. Its evident meaning and purpose are to preclude a collector of the revenue from his election to another office "until [as it recites] he shall have accounted for and paid over all the public money for which he may be accountable." Meaning all the public money for which he may be called on to account, i. e., for which he may be "responsible," "liable for," or "subject to pay." Furber v. Caverly, 42 N. H. 76. The Constitution, it will be noted, uses the words "accounted" and "accountable;" does not employ the term "defaulter" as is the case in the Nebraska statute. Defaulter has a sinister meaning, implies evil intent. State v. Moores, 52 Neb. 770; State v. Koontz, 12 Mo. App. 511. Nor does the Constitution use the term "in arrears," which means money unpaid after it is due—overdue. Hollingsworth v. Willis, 64 Miss. 157; Wiggin v. K. of P., 31 Fed. 125. The words "account" or "accountable" have a definite meaning, and are words of a different and broader import than either "default" or "in arrears." Furber v. Caverly, 42 N. H. 76. It is true, the words "in default" appear as "catch words" of the section of the Constitution in controversy, as printed in R. S. 1909, p. 52. These words seem to have

been first inserted as "catch words" in R. S. 1889, p. 60. But the existence of such catch words is unimportant. "Headings and titles inserted by the Legislature are not entitled to consideration." 2 Sutherland on Stat. Const., sec. 362; Cram v. Cram, 116 N. C. 288; Cook v. Assn., 74 Iowa, 749; Logan v. Fidelity Co., 146 Mo. 114.

*J. C. Kiskaddon* and *A. H. Kiskaddon* for respondents.

(1) The relator claims that at the time respondent was elected circuit judge he was not eligible, and that therefore he could not become eligible to hold the office. It will be noted that the constitutional provision does not expressly say that the person is not eligible to be elected, but that he is not eligible "to any office," etc. While it is conceded that the mere argument from inconvenience has little weight if *ita lex scripta est* applies, yet, if for any good reason, the language of the law is ambiguous, and it can be reconciled with a convenient state of affairs, the argument of convenience may be very potent. The relator in his brief at p. 26 cites quite a number of cases which he claims sustain the proposition that an officer must be eligible at the time of his election. In the following of the cases thus cited by relator the law in express terms refers to the eligibility of the officer at the time of his election: Farlea v. Farish, 160 Ala. 230; Taylor v. Sullivan, 45 Minn. 309; Brady v. How, 50 Miss. 626; Hall v. Ty., 2 Wash. Ty. 147; Springfield v. Butterfield, 98 Me. 155. Person not entitled to vote or be voted for unless he has paid his taxes. Roone v. Matthews, 75 Miss. 94. Officer actually in default, i. e., he was an actual defaulter.    State v. Moores, 52 Neb. 786. Other cases cited by relator seeming adverse are in fact not, because the mere fact of election gave the person elected an instantaneous title to the office. When the last ballot was cast, even be-

fore the votes were counted, and the result ascertained he had title to the office. He did not have to wait two months while someone else held the title before the title came to him. In other cases cited by relator the officer was trying to hold at one and the same time two incompatible offices. He could not hold both, but had to give up the one he first held, because the acceptance of the second *ipso facto* vacated the first. State v. Draper, 45 Mo. 357. In this State an officer has a constitutional right to resign, and of course, settle and account before his term expires. Const., sec. 5, art. 14; State v. Bus, 135 Mo. 331; Commonwealth v. Pyle, 18 Pa. St. 521. Cases in point are: State v. Murray, 28 Wis. 99; State v. Trumpf, 50 Wis. 109; People v. Hamilton, 24 Ill. App. 612; Privett v. Bickford, 26 Kan. 54; Morgan v. Vance, 4 Bush (Ky.) 329; DeTurk v. Com., 129 Pa. St. 161; Foltz v. Kerlin, 105 Ind. 226; Shuck v. State, 136 Ind. 69; Brown v. Cohen, 122 Ind. 113; State v. Von Beek, 87 Iowa 578; Demoree v. Scates, 50 Kan. 281; Kirkpatrick v. Brownfield, 97 Ky. 563; Brown v. Golden, 122 Ind. 113; State v. Draper, 45 Mo. 357; State v. Bus, 135 Mo. 330.

KENNISH, J.—This is an original proceeding instituted in this court by the Attorney-General, by filing an information in the nature of *quo warranto,* at the relation of Robert S. Ryors, and against the respondent, Ransom A. Breuer.

By stipulation of the parties the issuance of the preliminary writ was waived and respondent voluntarily entered his appearance and filed his return to the information. Relator filed a motion for judgment of ouster notwithstanding the return and an issue of law is thus presented for decision.

It appears from the facts set forth in the information and return, which are either admitted or not denied, that respondent was the collector of the revenue of Gasconade county for the term ending on the first

Monday in March, 1911; that relator was the judge of the thirty-second judicial circuit of this State for the term ending January first, 1911; that while holding the said office of collector, in the year 1910, respondent was regularly nominated and elected to the office of judge of said judicial circuit for a term of six years, commencing on the first day of January, 1911; that on the 19th day of December 1910, the Governor of this State issued to respondent a commission as judge of said circuit for the term of six years; that on the 20th day of December respondent tendered to the Governor his resignation of the office of collector, to take effect December 29th, 1910; that the Governor accepted his resignation, and appointed as respondent's successor for the unexpired term of said office of collector, Henry C. Strack, who duly qualified and assumed the duties of the office on the 31st day of December, 1910; that on the said 31st day of December respondent made final settlement as collector with the county court of Gasconade county and accounted for and paid over all public money in his hands, transferred to his successor in office all tax books in his custody and received receipts and a full acquittance therefor; that on the 2d day of January, 1911, respondent qualified as judge of said circuit and entered upon the discharge of the duties of the office and so continued in the discharge of such duties until the filing of his return herein. The foregoing is deemed a sufficient statement of the facts necessary to a decision of this case.

Relator makes no contention that the respondent was in default in accounting for or paying over all of the public money that came into his hands as collector during his term of office, nor that he failed to surrender and deliver to his succesor all of the tax books in his custody as such officer.

Two propositions are advanced by relator as entitling him to the writ of ouster: (1). That respondent

was not eligible to be a candidate at the primary election, nor eligible to election at the general election, as judge of said circuit, because at said time he was holding the office of collector and had not accounted for and paid over all the public money for which he was accountable. (2). That respondent, at the time he pretended to qualify and enter upon the duties of the office of judge of said circuit, was ineligible and disqualified to hold the same, for the reason that he had not accounted for and paid over to the State of Missouri and the county of Gasconade all sums on the tax books delivered to him and with which he was charged and for which he was accountable thereon and was not finally discharged from all legal liability thereon.

Section 19, article 2, of the Constitution of this State is as follows: "Collectors, Receivers, etc., in Default, Ineligible to Office. That no person who is now or may hereafter become a collector or receiver of public money, or assistant or deputy of such collector or such receiver, shall be eligible to any office of trust or profit in the State of Missouri under the laws thereof, or of any municipality therein, until he shall have accounted for and paid over all the public money for which he may be accountable."

And section 11446, Revised Statutes 1909, provides: "No collector or holder of public moneys, or any assistant or deputy of such holder or collector of public moneys, shall be eligible or appointed to any office of trust or profit until he shall have accounted for and paid over all sums for which he may be accountable."

Upon these constitutional and statutory provisions relator maintains that: "The great weight of authority supports the proposition that the word eligible, as used in constitutions and statutes, concerning elections to office, means the capacity to hold the office at the time of the election, so that the subsequent

removal of the disability will not remove the incompetency.'' Many authorities are cited from the other states, but none from this State, as sustaining relator's contention. Relator concedes that ''there are some opposing cases,'' and he cites cases from other states holding the opposing doctrine, and continues: ''Nor is our contention, supra, in accord with the observation of Judge WAGNER in Owens v. Draper, 45 Mo. 355.''

In the Draper Case, decided by this court in 1870, the clause of the Constitution in judgment was the following: ''No member of Congress, or person holding any lucrative office under the United States or this State (militia officers, justices of the peace and notaries public excepted), shall be eligible to either house of the General Assembly, or shall remain a member thereof, after having accepted any such office or seat in either house of Congress.'' The question there for decision was whether the relator, Owens, who had been elected to the General Assembly of this State while holding the office of circuit judge, was entitled to draw his salary as judge after he had qualified and was discharging his duties as a member of the General Assembly. His term as judge had not expired and he had not resigned. Speaking for the court, Judge WAGNER said: ''Under this provision a judge of a court of record is clearly ineligible to a seat in either house of the Legislature whilst he holds the office of judge. The existence of the two offices in the same individual is incompatible, and is peremptorily prohibited. By the phrase 'shall not be eligible' I do not think it was intended to prohibit a person who occupied the position of judge from running for or being elected to the Legislature. But if he should run and be elected, he would have to make his choice of which office he would retain, and his acceptance of one would necessarily operate as a vacation of the other.''

The law as declared in that case is directly ap-

plicable and controlling upon the point under consideration in the case before us. It may be conceded and it seems to be the fact that as stated in 29 Cyc. 1376, "Most of the cases hold that the term 'eligible' as used in a constitution or statute means capacity to be chosen, and that therefore the qualification must exist at the time of the election or appointment;" but there is respectable authority to the contrary, including a decision of this court and we think based upon the better reason. Besides, contemporaneous construction, as shown in the unquestioned recognition for forty years of the eligibility to election to office of incumbents of the offices of county collector, county treasurer, state treasurer, sheriff, county clerk, circuit clerk, and many others that could be named, all collectors or receivers of public money, is a cogent reason for holding against relator's contention.

The sheriff is a receiver of public money and is required by statute to account therefor, yet the same convention that adopted the section relied upon by relator fixed the term of office of sheriff at two years and provided that he should be "eligible only four years in any period of six," thus recognizing his eligibility as a candidate to succeed himself. The term of county treasurer was fixed by law at two years and until the law was amended in 1907 it was provided that: "No person shall be elected to said office of treasurer for more than two successive terms." [See Sec. 6764, R. S. 1899.] In 1907 when the term of county treasurer was extended to four years, and the incumbent was made ineligible as his own successor, it was incorporated in the amendatory act: "This section shall not be construed to deprive anyone who is now county treasurer of the right to be re-elected in 1908." [Sec. 3749, R. S. 1909.] This court has recently held that both county treasurers and sheriffs were eligible as candidates for office, while holding office and before

any final accounting or paying over of public money in their hands could be made. [State ex rel. v. Cloud, 212 Mo. 481; State ex rel. v. Dirckx, 211 Mo. 568.] In addition to the foregoing, this court will take judicial notice of the fact that in recent years an incumbent of the office of State Treasurer of this State was elected to the office of Governor and served the term in the latter office; that another State Treasurer was elected to the office of Lieutenant Governor, which office he now holds.

It appears therefore by the above decisions of this court, by legislative enactment and by the general understanding and practice of the people, that persons holding office as collectors or as receivers of public money, have not been regarded as ineligible to election to office for the sole reason that a final accounting of the public money in their hands had not been made at the time of the election.

It will be noticed that the catch-words of the section of the Constitution are: ''Collectors, receivers etc., in default, ineligible to office.'' And the general rule of law upon the subject, as stated in 29 Cyc. 1385, is as follows: ''Statutes frequently disqualify for public office those who, having in their possession public funds, are in default. Such statutes disqualify only those who have been determined by legal authority to be in default, or admit that they are in default, and appear generally to be liberally construed in favor of eligibility to office. Thus 'default' is said to mean a willful and corrupt omission to pay over funds.''

The reasonable and salutary interpretation given to the Constitution and statutory provisions under consideration, by this court, is not that those holding the offices mentioned shall be treated as in default and denied further political preferment while occupying such office, but rather that the door of the same office for another term, or of another office, shall be barred to them until, and only until, they shall have shown

themselves eligible and worthy by a full settlement and payment of all public funds in their hands.

It is next contented by relator that because respondent had not made a final settlement and accounting in the particular manner provided by law, he was not eligible to qualify for or hold the office of judge of said circuit.

This point is wholly wanting in merit. The facts fully show, and it is not denied, that respondent accounted for and paid over every cent of public money in his hands and properly turned over all tax books in his custody. The representatives of the county and State made final settlement with him and gave him full receipts and acquittances; they are not now impeaching the settlement; they received all public money and books they were entitled to and are making no complaint. The failure to comply, in immaterial details, with the statute providing the manner in which final settlement shall be made, a matter purely directory, when no hint of default or official dereliction appears in the record, cannot be held to deprive a man of a high and honored office to which he was elected by the qualified voters of the judicial circuit.

This proceeding is brought upon the information of the Attorney-General at the relation of Robert S. Ryors. While the respondent raises a question as to whether the relator has sufficient interest to maintain the proceeding, no point is made as to the right of a private relator to be a party to a proceeding in *quo warranto* instituted by the Attorney-General in this court, and that question is not passed upon in this opinion. For the reason given the writ of ouster is denied.

All concur; *Valliant, C. J.,* in a separate opinion.

VALLIANT, C. J.—The word "eligible" in reference to a candidate for a public office, is not always used by law-writers with the precise point in view that

is presented by the learned counsel for the relator in this case, that is, whether it means eligible at the date of the election or appointment, or at the date of taking possession of the office. It may sometimes be used in reference to the one date and sometimes to the other and whether the reference is to the one or the other depends on the context and on the subject; in view of the context in which the word "eligible" is used in section 19 of article 2 of the Constitution and of the particular subject to which it relates, I am satisfied that it refers to the date that the candidate is to take possession of the office.

Therefore I concur in the conclusion that the ouster should be denied. *Lamm, Woodson, Graves, Ferriss* and *Brown, JJ.,* concur in this opinion.

