THE STATE ex inf. WILLIAM T. BELLAMY, Prosecuting Attorney, ex rel. DORA B. HARRIS et al., Appellants, v. LULA MENENGALI.

Division Two, March 19, 1925.

1. **QUO WARRANTO: Action at Law: Substantial Evidence: Appellate Practice.** A suit of *quo warranto* to oust a school director on the ground that she was not a taxpayer is an action at law and, although tried by the court without a jury, the judgment in favor of respondent will be affirmed on appeal, unless it can be said as a matter of law that there was no substantial evidence to support the finding of the trial court.

2. **SCHOOL DIRECTOR: Taxpayer: Informal Assessment.** A married woman who owned property, listed to and assessed against her husband, upon which he paid the assessed taxes, being liable for the payment of the tax, is a taxpayer under the statute (Sec. 11213, R. S. 1919) providing that a school director, to be qualified, must "have paid a state and county tax" within one year next preceding her election. Informality in making the assessment, or in the tax lists, did not under the statute (Sec. 12801, R. S. 1919) render the assessment illegal.

Citations to Headnotes: 1, Appeal and Error, 4 C. J. 2853; Quo Warranto, 32 Cyc. 1415; 2, Schools and School Districts, 35 Cyc. 882.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis, Judge.*

AFFIRMED.

*James & Shook* for appellants.

(1)   Under Sec. 11213, R. S. 1919, a school director must be a resident taxpayer of the district, who shall have paid a State and county tax within one year next preceding his or her election. The right to vote is not a natural right, and it is competent for a State by its

Constitution or by statute to confer the right only upon those who contribute to the support of the government by the payment of taxes. 15 Cyc. 296; 20 C. J. p. 76, sec. 37. Nor is it in conflict with the Fifteenth Amendment. United States v. Reeves, 92 U. S. 214, 23 L. Ed. 563. The right to hold office is not a right which has been given to the individual by the Constitution, but is a privilege which is conferred by the Legislature. 29 Cyc. 1376, C, 1, (a). (2) A taxpayer is a person owning property in the State subject to taxation and on which he regularly pays taxes. State ex inf. Sutton v. Fasse, 189 Mo. 536; State ex rel. v. Rebenack, 135 Mo. 341; 37 Cyc. 1597; Thomson v. Town of Newton, 21 N. H. 595, 599. (3) Lula Menengali's own evidence shows conclusively that she had not paid any State or county taxes for the year preceding her election and that she was not qualified under Section 11213 to be a school director. The payment of personal taxes by one not authorized to do so does not confer the right of suffrage upon him under the Constitution which provides that no person shall be allowed to vote, unless he shall have paid a tax assessed against him. Lennon v. Board of Commissioners, 29 R. I. 329. Where the property of a widow is listed in the name of her deceased husband, she is not entitled to vote in a school district meeting where the voter must be a taxpayer. 35 Cyc. 875; 63 Vt. 383. It is not sufficient that a man's wife pays taxes to authorize him to sign a petition where the law requires it to be signed by taxpayers. Tate v. Erlanger School District, 49 S. W. 337, 20 Ky. L. Rep. 1370.

*R. D. Johnson* and *W. H. Meschede* for respondent.

(1) The purpose of Sec. 11213, R. S. 1919, is to prescribe the qualifications necessary for election to and holding the office of school director, and among other qualifications prescribed, are that the person holding such office "shall be a resident taxpayer of the district, and who shall have paid a State and county tax, within

one year, next preceding his, her or their election.'' (2) Said section is to be reasonably construed, and when so construed all that is required is that the person seeking and holding such office must be the owner of property subject to taxation, and which' has lawfully been subjected to taxation, and upon which a State and county tax has been paid within one year, either by the owner or by some person for such owner. State ex inf. v. Fasse, 189 Mo. 537.; State ex rel. Circuit Atty. v. Macklin, 41 Mo. App. 343; 15 Cyc. 297. (3) It is not necessary even that the property shall have been assessed in the owner's name. State ex rel. Circuit Atty. v. Macklin, 41 Mo. App. 343. (4) It is immaterial whether the taxes be paid by the owner himself or by some other person for the owner. School District v. Bowman, 178 Mo. 658; State, Lamar v. Dillon, 22 L. R. A. 124; 15 Cyc. 297, sec. 3. (5) Primarily the collection and assessment of taxes are proceedings *in rem*. School District v. Bowman, 178 Mo. 658.

RAILEY, C.—On September 20, 1922, the Prosecuting Attorney of Saline County, Missouri, filed in the circuit court of said county, a *quo warranto* proceeding, which, omitting caption and signature, reads as follows:

"Now comes William T. Bellamy, Prosecuting Attorney for the County of Saline in the State of Missouri, who in this behalf prosecutes for the State of Missouri, and for the said State at the relation of Dora B. Harris, Minnie Harris, Louis Pragman, R. E. Kuntz and Arnold Pinkepank, in said county, according to the form of the statute in such cases made and provided, gives the court here to understand and be informed that the relators herein named are resident tax paying citizens of School District Number 80, in Saline County, Missouri, and some of whom are parents of children of school age within said school district; that said School District No. 80 is a duly organized common school district within said county, and as such under the law is entitled to have three qualified school directors within said school district who

307 Mo. Sup.—29.

under the law are required to be citizens of the United States, resident taxpayers of the district, and who shall have paid a State and county tax within one year next preceding his, her or their election, and shall be at least twenty-one years of age; that said office of school director of said School District Number 80 is an office of great trust in the administration of the schools of said district, and that on the fourth day of April, 1922, the respondent, Lula Menengali, of said County of Saline, State of Missouri, did use and exercise, and from that time to the exhibition of this information has there used and exercised, and still does use and exercise, without any legal warrant, grant or right whatever, the office of school director of said School District Number 80, and for and during the time aforesaid has there claimed and still does claim, without any legal grant, warrant or right whatsoever, to be one of the school directors of said school district, and to have, use and enjoy all the rights, liberties and privileges of the office of school director of said school district, which said office, rights, privileges, liberties she, the said Lula Menengali, for and during all the time last aforesaid, without any legal warrant, grant or right whatsoever, has usurped and still does usurp, at the County of Saline in the State of Missouri, in contempt of and to the great damage and prejudice of the authority of the State of Missouri aforesaid. That the said Lula Menengali claims to have been elected to the said office of school director of said school district on the 4th day of April, 1922, but the prosecuting attorney alleges that at the time of such election and ever since said time, the said Lula Menengali was not legally qualified to hold the said office of school director, for the reason that she was not a taxpayer of said school district and she had not paid a state and county tax within the State of Missouri within one year next preceding said fourth day of April, 1922, the date of said election.

"Whereupon, the said prosecuting attorney in this behalf prosecutes for the State of Missouri, and prays the consideration of the court here in the premises, and

that due process of law may be awarded against the said Lula Menengali in this behalf to make answer to the State of Missouri, and show by what authority she claims to have, use and enjoy the rights, liberties and privileges aforesaid.''

Respondent filed a return to the above writ, and alleged that at the regular annual school meeting held in April, 1922, in School District No. 80, in Saline County, Missouri, she was duly and legally elected as director of said district for a term of three years, by the qualified voters of said district voting at such annual meeting in said District No. 80; that she duly qualified as such director, and has acted as such from and since her election; that she is possessed of all the requisites and qualifications necessary to hold said office as director aforesaid; that by virtue of said election during the period aforesaid, she used and is still using the rights and privileges of said office of school director of the district aforesaid, etc.

The case was tried before the court without a jury. At the commencement of the trial counsel for appellant suggested to the court that in a case of this character he understood the burden of proof was upon defendant to show title to the office. The court acquiesced in this theory, and thereupon respondent offered substantial testimony to establish the following facts:

That on the first day of June, 1920, and prior thereto the respondent owned in Saline County, Missouri, four cows, some heifers, four brood sows, one horse, and a half interest in an automobile; that the above property was listed and assessed for taxation in 1920, in the name of Joe Menengali, her husband; that she was present when the assessment was made and signed her husband's name to said assessment list; that the following property mentioned in said assessment list, and upon which a tax was paid, was her personal property, to-wit: One horse, four milk cows, one brood sow, and a one-half interest in an automobile which jointly belonged to her and her husband; that all of said property was purchased with

her own money; that the taxes assessed against said property for 1920 was paid by her husband in December, 1921, as shown by the tax receipt offered in evidence; that her husband paid said taxes for her and himself; that she was the owner of the property aforesaid, and paid her taxes in December, 1921, in the manner aforesaid.

The following appears in the bill of exceptions:

"It is admitted that the defendant is a resident of Saline County, Missouri, and resides in School District No. 80, and that she has resided there for more than one year next preceding April, 1922; that she was, at the annual school meeting held in the month of April, 1922, in said school district, duly and legally elected as a director in said district for a term of three years, being so elected by the qualified voters voting at said meeting in said meeting in said district, and that she has qualified as such director and has acted ever since the date of the election as such, and that she is above the age of twenty-one years."

The relators offered no evidence whatever, and the case was submitted to the court without instructions on the evidence of respondent aforesaid. The trial court disposed of the issues involved as follows:

"Now at this day come the parties hereto and this cause is taken up and submitted to the court for final hearing and determination. The court, after seeing and hearing the pleadings and the evidence, finds the issues for the defendant, and that the writ of *quo warranto* heretofore issued herein on the 20th day of September, 1922, should be quashed. It is therefore considered, ordered and adjudged by the court that the plaintiff take nothing by its action herein, that the temporary writ of *quo warranto* issued in this cause be and the same is hereby quashed and held for naught, that the defendant have and recover of the relators her costs herein expended, and that execution issue therefor."

Relators filed their motion for a new trial, which was overruled, and they were granted an appeal to this court.

I.   The pleadings and facts are fully set out in our statement, and need not be repeated again.   This is an action at law, tried by the court without a jury and without instructions.   The issues were found in favor of respondent, and judgment entered accordingly.   Unless it can be said as a matter of law that, on the record before us, there was no substantial evidence to support the finding of the trial court, it would become our plain duty to affirm the judgment.   [Barnett v. Hastain, 256 S. W. (Mo.) l. c. 752 and cases cited; State ex inf. v. Bright, 298 Mo. l. c. 347, 250 S. W. l. c. 601; Bingham v. Edmonds, 210 S. W. (Mo.) 885.]

*Substantial Evidence.*

II.   The single issue presented for our consideration is whether the respondent was qualified under Section 11213, Revised Statutes 1919, to hold the office of school director in District No. 80, to which she was elected at the April election in 1922.   The above section so far as here pertinent, reads as follows:

*Taxpayer.*

"The government and control of the district shall be vested in a board of directors composed of three members, who shall be citizens of the United States, resident taxpayers of the district, and who shall have paid a state and county tax within one year next preceding his, her or their election, and who shall have resided in this State for one year next preceding his, her or their election or appointment, and shall be at least twenty-one years of age."

It was admitted at the trial that respondent possessed all the qualifications required by the above section, to fill the position of school director, except the disputed issue as to whether she was a taxpayer of said school district, and as to whether she had paid, or caused to be paid, a state and county tax within one year next preceding her election in April, 1922.

In Webster's New International Dictionary, a taxpayer is defined as: "One who pays a tax."  In Funk & Wagnall's New Standard Dictionary, a taxpayer is

defined as: ''One who pays any tax, or who is liable for the payment of any tax.'' The evidence is clear and undisputed, that respondent on June 1, 1920, was the legal owner of the property heretofore described, and that it was not exempt from taxation.

Section 12756, Revised Statutes 1919, provides that: ''Every person owning or holding property on the first day of June, including all such property purchased on that day, shall be liable for taxes thereon for the ensuing year.''

The undisputed evidence of both respondent and her husband, shows, that some of her personal property was included in the assessment list for 1920, and that she signed her husband's name thereto.

Section 12801 provides that: ''No assessment of property or charges for taxes thereon shall be considered illegal on account of any informality in making the assessment, or in the tax lists, or on account of the assessments not being made or completed within the time required by law.''

It was shown without contradiction and without objection, by respondent's husband, that he paid the taxes on his property and that of his wife, mentioned in the assessment list, on December 22, 1921; and that he paid said taxes for the benefit of himself and wife. It appears from the evidence without question, that the automobile mentioned in the list was assessed at $250; that respondent was the joint owner with her husband of the undivided one-half of same, and that the taxes were paid on this machine by respondent's husband for the benefit of both.

Since the adoption of the Married Woman's Act of 1889, it cannot be presumed that personal property in possession of the wife or claimed by her, was paid for with the means of the husband. [Smelser v. Meier, 271 Mo. 178, 196 S. W. 22.] Aside from the foregoing, the testimony of both respondent and her husband is clear to the effect that she was the owner of the personal property heretofore described in the assessment list.

We are cited in the respective briefs of counsel to text-books, and decisions outside this State, which throw very little light on the merits of the case. It is clear to us that no citation of authority is needed to sustain the action of the lower court in holding that respondent was qualified to hold the office in question. If any authority were needed, the able and unanswerable opinion of ROMBAUER, J., in State ex rel. Circuit Attorney v. Macklin, 41 Mo. App. at page 339 and following, settles the question and expresses our views of the subject. It fully sustains the action of the lower court. On page 343, Judge ROMBAUER concisely states our theory of the law in a case of this character, as follows:

"If a person owns an interest in property and pays a tax thereon, he pays *his* tax regardless of the fact to whom the property is assessed."

The finding of the trial court is conclusively sustained by the evidence in the case. The judgment below is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.