STATE OF MISSOURI on the information of WILLIS H. MITCHELL, Prosecuting Attorney, ex rel. JOHN GOODMAN, Appellant, v. GEORGE HEATH.—132 S. W. (2d) 1001.

Division One, November 3, 1939.

*Willis H. Mitchell, Fred Stewart, Jr.,* and *Tom R. Moore* for appellant.

*John M. Bragg* for respondent.

HYDE, C.—This is a proceeding in *quo warranto* on information of the prosecuting attorney of Douglas County to oust respondent from the office of school director on the ground that he was not qualified to hold the office because he was not a resident taxpayer, who had

paid a State and county tax within one year next preceding his election, and because he did not "make a legal oath and qualify for said office within four days after his election." The court found for respondent and entered judgment quashing the writ. Relator has appealed.

We have jurisdiction because "the office of school director is an office under this State" (created by statutes of this State) and title to this office is the question presented for decision. [Const., Art. 6, Sec. 12, and Sec. 5 of Amendment of 1884; State ex rel. Worsham v. Ellis, 329 Mo. 124, 44 S. W. (2d) 129; State ex rel. Gentry v. Sullivan, 320 Mo. 362, 8 S. W. (2d) 616 (en Banc); State ex inf. Thompson v. Bright, 298 Mo. 335, 250 S. W. 599, and cases cited.]

We first consider the ground that there was a vacancy created because of respondent's failure to qualify by taking the oath prescribed in Section 9288, Revised Statutes 1929, within four days after his election. There was an agreed statement of facts which showed "that the respondent was sworn in as a school director by Gusta Burk, chairman of the election, and began the discharge of his duties; that about two weeks thereafter he was sworn in as school director and took the oath before a justice of the peace of Douglas County, Missouri, Arch Irvin. It is further agreed that the respondent signed the oath of office when taken in the school meeting and also signed a written oath when sworn by the justice of the peace. This court has said: "If a statute merely requires certain things to be done and nowhere prescribes the result that shall follow if such things are not done, then the statute should be held to be directory." [State ex inf. Attorney General v. Bird, 295 Mo. 344, 244 S. W. 938.] Likewise, it is said: "Statutes fixing the time within which school officers must qualify are, as a general rule, regarded as directory to the extent that mere delay in qualifying within the time prescribed does not, of itself, cause a vacancy in the office, unless there is contained in the statute an express provision to that effect." [56 C. J. 309, sec. 182; see also 46 C. J. 962, sec. 95; 22 R. C. L. 451, sec. 108.] Respondent apparently made an effort in good faith to comply with Section 9288 by signing the written statutory oath of office. We think he did substantially comply with it because it provides for either "an oath or affirmation." [See 46 C. J. 938, sec. 3.] The statute authorized either of the other directors to administer such oath. The office should not be declared vacant, if they failed or refused to do so, when respondent had actually signed the oath and, thereafter, went to a justice of the peace to have it administered within a reasonable time and before any effort was made to declare or fill a vacancy.

It further appears from the agreed statement of facts, that respondent "is more than twenty-one years of age and a resident of the school district, and a citizen of the United States;" that he "re-

sided within the district two years prior to the 1937 election'' at which he received 25 votes to his opponent's 11 votes; and that he ''owned personal property within the district consisting of one cow and a heifer, and some hogs, chickens, household and kitchen furniture.'' Respondent was assessed for personal taxes due in 1935 (assessment of June 1, 1934), and paid these taxes on February 17, 1936. However, his property was not again assessed as of June 1, 1935, for 1936 taxes, prior to the school election. It was further stipulated that ''*after* the school election, on the 8th day of April, 1937, he was assessed for the year 1936 (as of June 1, 1935) and paid his taxes'' for 1936 on that date. It is also stated that this ''school election was duly held on the second Tuesday in April, 1937,'' which the calendar shows was April 13, 1937, so that the facts stated are in conflict as to when the election was held. However, because of the view we take, this conflict is immaterial.

Section 9287, Revised Statutes 1929, provides that common school districts shall be governed by a board of three directors ''who shall be citizens of the United States, resident taxpayers of the district (21 years of age), and *who shall have paid a state and county tax within one year next preceding his,* her or their *election,* and who shall have resided in this state for one year next preceding, his, her or their election.'' The decisive question here is whether or not respondent, under the admitted facts, has complied with the above italicized part of the section prescribing qualifications essential to his eligibility to the office of school director. [Sec. 9328, R. S. 1909, prescribes this same qualification for directors of City, Town and Consolidated schools; see also Secs. 9517 and 9572, R. S. 1929, for qualifications in larger cities where strangely this requirement is relaxed or abolished.] It should also be noted that substantially the same provision is made concerning qualifications of members of both houses of the General Assembly. [Const., Art. 4, Secs. 4 and 6.] The evident purpose of this requirement is to have such officers, who impose taxes on others and determine how they shall be spent, chosen from among those citizens who have been paying, and will likely continue to pay, taxes. It is said, however, that such ''statutes imposing qualifications should receive a liberal construction in favor of the right of the people to exercise freedom of choice in the selection of officers.'' [46 C. J. 937, sec. 32.] The Missouri decisions have given a liberal construction to this and similar sections prescribing requirements of eligibility to elective offices.

In State ex inf. Bellamy v. Menengali, 307 Mo. 447, 270 S. W. 101, this court held that a married woman was qualified to be a common school director, under this section, if she actually owned taxable property in the district upon which taxes were paid for the year prior to her election, although the property was assessed in the name of her husband and the taxes were paid by him. In that case,

Mrs. Menengali was elected director in April, 1922. It was shown that she owned taxable property on June 1, 1920, which was assessed in her husband's name and upon which he paid the 1921 taxes in December, 1921. In State ex inf. Sutton v. Fasse, 189 Mo. 532, 88 S. W. 1, the facts were that Fasse was elected director of a common school district in Lincoln County in April, 1901. He had moved to Lincoln County from Warren County in 1899, whether before or after June 1 does not appear. He had paid personal property taxes in Warren County during each of his several years' residence there but was not included in the assessment for Lincoln County of June 1, 1899, and "paid no tax in the year 1900." In March, 1901, he paid a delinquent tax in Warren County. Evidently this was the tax due in Warren County in 1900 on that County's assessment of June 1, 1899, although this does not clearly appear from the opinion. It was held that he was eligible to serve although he had paid no county tax, during the preceding year, in the county in which the school district was located.

In State ex rel. Circuit Attorney v. Macklin, 41 Mo. App. 335, the court construed a statute which made the requirement of eligibility for the office of school director in St. Louis, that such person must have "paid a school tax therein for two consecutive years immediately preceding his election." The court held that considering the method of assessment and collection of taxes that this meant a person was eligible "who shall have paid, at any time preceding his election, a tax for the benefit of schools within said city for the two consecutive calendar years, next preceding the year of his election, assessed on property in which he has an interest subject to taxation, at the date of assessment or date of payment." The court held that a director was eligible who had during the month prior to his election in 1889, "bought a small piece of property in the City of St. Louis, on which there were delinquent school taxes for the years 1887 and 1888 and paid them," saying "he did pay taxes for the benefit of schools within the City of St. Louis for two consecutive years immediately preceding his election. . . . An extensive examination of this subject has failed to bring to our notice a case, where the mere fact that the person affected has paid taxes immediately preceding an election with the sole object of obtaining thereby a qualification as elector or officer, which he did not otherwise possess, was treated as a fraud upon the law."

The principle of that case was applied and extended by this court en banc in State ex inf. Major v. Breuer, 235 Mo. 240, 138 S. W. 515. The facts there were that Judge Breuer, then county collector, was elected circuit judge in November, 1910. He thereafter resigned the office of collector effective December 29, 1910, and on December 31, made final settlement with the county court transferring all books and funds to his successor. On January 2, 1911,

he qualified as circuit judge. It was alleged that he was ineligible because of Section 19, Article 2, of the Constitution, which was, as follows:

"That no person who is now or may hereafter become a collector or receiver of public money, or assistant or deputy of such collector or such receiver, shall be eligible to any office of trust or profit in the State of Missouri under the laws thereof, or of any municipality therein, until he shall have accounted for and paid over all the public money for which he may be accountable." And also because of Section 11446, R. S. 1909, now Section 9897, R. S. 1929.

It was contended that "the word eligible, as used in constitutions and statutes, concerning elections to office, means the capacity to hold the office at the time of the election, so that the subsequent removal of the disability will not remove the incompetency." While there are two conflicting lines of authorities on this question in this country, this court held against this contention and decided that the Constitution and statute did not mean eligible at the time of election, but, instead, meant eligible at the time of commencement of the term and of taking possession of the office. [See 46 C. J. 949, sec. 58; 22 R. C. L. 403, sec. 43; 88 A. L. R. 812 note; 24 R. C. L. 571, sec. 16.] While Section 9287 does not use the word "eligible," it was surely likewise intended to state special qualifications of eligibility for holding office. What, then, in its reasonable construction?

It is clear that, under the rule of State ex inf. Bellamy v. Menengali, supra, respondent was a resident taxpayer of the district because he had paid taxes for 1935 (based on June 1, 1934, assessment) and continued to own the same taxable property in the district at all times thereafter. Even though the assessor failed to include him in his assessment of June 1, 1935, this omission did not relieve him of his obligation to pay the 1936 taxes, and these taxes could be collected by following the statutory procedure. [Secs. 9788-89, 9810, 9816, and 9979, R. S. 1929.] Surely Section 9287 was not intended to make eligibility depend upon the payment of *any* State and county tax within one year's time before the date of the election. To so construe it would make one eligible, who paid, within such period of one year, a tax three or four years delinquent, even though he had paid no taxes for any other year after such tax paid became delinquent and had no taxable property thereafter. In view of our method of assessing and collecting property taxes and the time when common school elections are held, we think it contemplated the payment of the current taxes payable during the calendar year preceding the school election since no other property taxes could become due between the end of that year and the school election. We, therefore, hold that the reasonable construction of the statutory requirement, "shall have paid a state and county tax within one year next preceding his election," is that a person, to be eligible to serve as a com-

mon school director, shall have paid the State and county tax which was due and payable within the calendar year next preceding his election. [See Sec. 655, R. S. 1929.] We further hold that a person, who owns taxable property and owes taxes on it which are due and payable during the calendar year preceding his election, would be eligible to take the office of common school director if he pays such taxes at least prior to the time prescribed for taking his oath of office. It follows that the statute did not prevent respondent from taking office under the circumstances shown by the agreed facts.

The judgment is affirmed. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.