Dear Ms. Treppler:
This letter is in response to your question asking whether a candidate can be required to pay for computerized voter lists. You refer to § 115.157, RSMo, which was enacted in 1977, effective January 1, 1978.
Section 115.157, RSMo, provides:
 The election authority may place all information on any registration cards in computerized form. No election authority shall furnish to any member of the public a tape or printout showing any registration information, except the election authority may furnish tapes and printouts showing only voters' names, addresses, townships or wards, and precincts for a reasonable fee determined by the election authority. The election authority that has registration records in computerized form shall
have printed in even-numbered years a copy of the voter registration list. Such tape or printout may be furnished to all candidates upon request without charge. (Emphasis added).
Our review of the legislative history of § 115.157 indicates that the last two sentences of that section were added after the legislation was introduced.
The last sentence in § 115.157 provides that such tape or printout may be furnished to all candidates upon request without charge. In determining whether a statute is directory or mandatory, the prime object is to ascertain the legislative intention disclosed by the terms of the statute in relation to the subject of legislation and the general object to be achieved.State v. Brown, 33 S.W.2d 104 (Mo. Banc 1930). A statute which merely requires certain things to be done which nowhere prescribes the result that shall follow if such things are not done is generally "directory." State v. Heath, 132 S.W.2d 1001
(Mo. 1939). And, it has been said that the word "may" is sometimes construed as mandatory but more frequently is directory. State v. Blair, 151 S.W. 148 (Mo. 1912).
The word "may" is used three times in § 115.157. The first use of the word "may" with respect to the election authority placing the registration information in computerized form is clearly permissive. The word "may" is next used with respect to the furnishing of such tapes or printouts to members of the public for a reasonable fee determined by the election authority. The word "may" is used for a third time in that section with respect to the particular question we have at hand concerning whether candidates may receive such tapes upon request without charge.
By comparison, the word "shall" is used twice in § 115.157. The first time with respect to the initial prohibition against furnishing members of the public with tapes or printouts showing registration information; and the second time with respect to the printing of a copy of the voter registration list in even numbered years by election authorities which have the registration records in computerized form. The word "shall" in these instances is used in a mandatory sense.
It is our view that the use of the word "may" is merely directory in all of the instances in which it is used. We believe that the legislature in using the word was sufficiently knowledgeable to expect that the word "may" would be taken as directory in light of the fact that it has been generally treated as such by the courts. It is clear that the refusal of the election authority to furnish such tapes or printouts free to any candidates upon their request within the area of the election authority may result in there being a difference of treatment in different election areas. Some difference obviously already exists because not all election authorities will have the information in computerized form. However, we do not find this result constitutionally objectionable. On the other hand, it is also clear that once such tapes or printouts are furnished free on request to any candidates within the area of the election authority, they must be furnished on the same terms to all candidates. To conclude otherwise would create obvious inequities which cannot constitutionally exist.
In addition, we are aware of the fact that the costs of furnishing such tapes or printouts is quite large. As a consequence, this cost factor, if we held otherwise, might entice persons to file as a candidate for a particular office in order to obtain the tapes or printouts merely at the expense of the filing fee. We assume that the legislature must have been aware that these difficulties would exist and that they accordingly intended to vest the determination of whether or not such tapes or printouts would be furnished without charge to all candidates, upon request, in the election authority.
CONCLUSION
It is the opinion of this office that the provisions of § 115.157, RSMo, authorize an election authority having registration information in computerized form to determine whether or not tapes or printouts will be furnished to candidates upon request without charge. If such tapes or printouts are furnished to any candidates upon request and without charge, they must be furnished to all candidates within the jurisdiction of the election authority upon request and without charge.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General