783 P.2d 255

**The STATE of Arizona,
Plaintiff/Appellee/Cross–Appellant,**

v.

**Mary Provas MACIAS,
Defendant/Appellant/Cross–Appellee.**

**No. 2 CA–CV 89–0072.**

Court of Appeals of Arizona,
Division 2, Department A.

June 27, 1989.

Review Denied Dec. 5, 1989.

Joe L. Machado, Santa Cruz County Atty. by Richard M. Martinez Special Deputy County Atty., Tucson, for plaintiff/appellee/cross-appellant.

Evans, Kitchel & Jenckes by Andrew M. Federhar, Tucson, for defendant/appellant/cross-appellee.

## OPINION

LIVERMORE, Presiding Judge.

In this appeal from a quo warranto proceeding removing defendant Mary Macias as Mayor of Nogales, she contends that the trial court erred in finding that she was not a resident of the City of Nogales at the time of her election and in refusing to find that she had cured any disqualification from holding office before she was removed. We affirm.

Under Ariz. Const. art. 7 § 15, to be eligible to be elected mayor of a city one must be "a qualified elector of the ... municipality in which such person shall be elected." By A.R.S. §§ 16–121 and 9–822, one is a qualified elector of a city if registered and resident within the city for fifty days preceding the election. Because Macias had lived with her husband in a mobile home outside the city limits of Nogales for many years before her election as mayor, the trial court found that she was not a resident of Nogales at the time of the election. Accordingly, she was not a qualified elector and was ineligible to serve as mayor.

Defendant seeks to avoid this common sense result by pointing to A.R.S. § 16–593 and arguing that, whatever her living arrangements, she always intended to be a Nogales resident. That statute reads:

A. The election board, in determining the place of residence of a person, shall be governed by the following rules, so far as applicable:

1. The residence of a person is that place in which his habitation is fixed and

318

to which he has the intention of returning when absent.

2. A person does not gain or lose his residence by reason of his presence at or absence from a place while employed in the service of the United States or of this state, or while engaged in navigation, or while a student at an institution of learning or while kept in an almshouse, asylum or prison.

3. A person does not lose his residence by leaving his home to go to another county, state or foreign country for merely temporary purposes, with the intention of returning.

4. A person does not gain a residence in any county into which he moves for merely temporary purposes, without the intention of making that county his home.

5. If a person removes to another state with the intention of making it his residence, he loses his residence in this state.

6. If a person removes to another state with the intention of remaining therefor an indefinite time, and of making the place his present residence, he loses his residence in this state, even though he has an intention of returning at some future period.

7. The place where a person's family permanently resides is his residence, unless he is separated from his family, but if it is a place of temporary establishment for his family, or for transient purposes, it is otherwise.

8. If a person has a family residing in one place and he does business in another, the former is his place of residence, but a person having a family who has taken up his abode with the intention of remaining and whose family does not so

reside with him shall be regarded as a resident where his abode has been taken.

9. The mere intention of acquiring a new residence without the act of removal avails nothing and neither does the act of removal without the intention.

We find defendant's reliance on the language in subsection (A)(9) of no assistance to her for two reasons. First, that subsection does not stand alone. Far more apt, in our view, is subsection (A)(6) and the notion that moving away for an indefinite period of time does change residence even if there is an intention to return at some future time. Second, even if intention alone were dispositive, the trial court was not bound to accept defendant's testimony of her intention in the face of the facts that she had lived with her husband outside Nogales for approximately twelve years, had always listed that address as her residence, and had leased her Nogales house to others for over five years before the election. Those facts would surely permit, if not compel, the inference that she intended her residence to be where she lived. Whether to draw that inference was for the trial court and we will not interfere with such a finding on appeal. *See O'Hern v. Bowling*, 109 Ariz. 90, 505 P.2d 550 (1973); *Hiatt v. Lee*, 48 Ariz. 320, 61 P.2d 401 (1936); *Fenton v. Board of Directors of Groveland Community Services District*, 156 Cal.App.3d 1107, 203 Cal.Rptr. 388 (1984).

Defendant next argues that by the time the action to remove her was brought she was a qualified elector of Nogales. She then cites a number of cases from other jurisdictions[1] holding that one unqualified to hold office at the time of election may nonetheless hold that office if qualified by the time the office is taken. Finally, she points to the language of Ariz.

---

1. *Cox v. Starkweather*, 128 Colo. 89, 260 P.2d 587 (1953); *Jordan v. Pearce*, 91 Idaho 687, 429 P.2d 419 (1967); *Bradfield v. Avery*, 16 Idaho 769, 102 P. 687 (1909); *Connell v. State ex rel. Thompson*, 196 Ind. 421, 144 N.E. 882 (1924); *State ex rel. Thornburg v. Huegle*, 135 Iowa 100, 112 N.W. 234 (1907); *Demaree v. Scates*, 50 Kan. 275, 32 P. 1123 (1893); *Jones v. Williams*, 153 Ky. 822, 156 S.W. 876 (App.1913); *Kirkpatrick v. Brownfield*, 97 Ky. 558, 31 S.W. 137 (1895); *State ex rel. Mitchell v. Heath*, 345 Mo. 226, 132 S.W.2d 1001 (1939); *State ex rel. Major v. Breuer*, 235 Mo. 240, 138 S.W. 515 (1911); *Nielson v. Neuharth*, 331 N.W.2d 58 (N.D.1983); *Murphy v. Darnell*, 268 P.2d 860 (Okla.1954); *State ex rel. West v. Breckinridge*, 34 Okl. 649, 126 P. 806 (1912); *Mosby v. Armstrong*, 290 Pa. 517, 139 A. 151 (1927); *State ex rel. Perkins v. Edwards*, 99 Vt. 1, 130 A. 276 (1925); *State ex rel. Dostert v. Riggleman*, 155 W.Va. 808, 187 S.E.2d 591 (1972); *Slater v. Varney*, 136 W.Va. 406, 68 S.E.2d 757 (1951).

Const. art. 22 § 13, A.R.S. § 38–295(B), and the Nogales City Charter providing that officers shall serve until their successors shall qualify as evincing an intent that any disqualification may be cured by an ineligible successor.

■ In light of the clear language of Ariz. Const. art. 7 § 15 that "Every person elected ... to any elective office of ... any municipality ... shall be a qualified elector of the ... municipality in which such person shall be elected," we find this argument strained and unpersuasive. We believe that this provision was intended to require residency at the time of election and to prevent non-residents from seeking elective office. Were we to accept defendant's argument, anyone in Arizona or elsewhere would be free to run for the office of Mayor of Nogales so long as he or she established residence after the election in time to be a qualified elector before the term of office began. Such political carpetbagging is precluded by the constitutional provision. The statute allowing officials to hold over until their successors qualify is designed to prevent vacancies in office not to allow the unqualified to qualify.

■ The State cross-appeals from the failure of the trial court to award it taxable costs below. Because this proceeding was civil in nature, we believe A.R.S. § 12–341 mandates the award of costs. A.R.S. § 12–345 does not preclude it. *State ex rel. Ordway v. Buchanan,* 154 Ariz. 159, 741 P.2d 292 (1987).

The judgment removing defendant from office is affirmed, the State's request for attorneys' fees on appeal is denied, and the matter is remanded for an award of costs.

LACAGNINA, C.J., and HOWARD, J., concur.